and this action cannot be reviewed by us, unless there were something apparent of record which tended to show that the judgment was irregular or void. As nothing does so appear, all that we can do is to approve of the action of the court below. The objection that the attorney, who entered the judgment, exceeded his authority by a general confession, instead of limiting it to the mortgage property, is not well founded, for the confession does expressly so limit the judgment.

Judgment affirmed.

---

## Charles Stoll, Plff. in Err., *v.* Barton Hoopes et al.

A man about forty years of age, employed as a laborer in an iron nut punching shop, was at times put at work on a "cupping" machine, in which there were uncovered cog wheels, kept in motion while the machine was in use; after having worked several times on this machine and after having on different occasions stopped and started it, he undertook on a certain occasion to clean it while in motion, although he might have stopped it, and his hand was caught in the cogs and injured. He thereupon brought an action against his employer for damages, on the ground that the employer was guilty of negligence in causing him to work at a defective machine, without instruction. *Held*, on the above facts, that the plaintiff was properly nonsuited for contributory negligence—it appearing that his employment in cleaning the machine was not skilled labor, calling for technical knowledge, and that the injury was not caused by any particular danger in the machine, but by reason of a principle of mechanism which every man is supposed to know—that if he puts his hand on a moving cog wheel he will be injured.

(Argued April 3, 1888. Decided May 7, 1888.)

January Term, 1888, No. 323, E. D. Error to the Common Pleas No. 3 of Philadelphia County to review a judgment of nonsuit in an action on the case for damages for a personal injury alleged to have been caused by the defendants' negligence, December Term, 1883, No. 627. Affirmed.

NOTE.—For a review of the authorities as to the duty of the master to instruct and warn his employees as to the perils of the employment, see editorial note to James v. Rapides Lumber Co. 44 L. R. A. 33; duty to warn employees as to danger of electricity, note to Western U. Teleg. Co. v. McMullen, 32 L. R. A. 351.

As to right of a servant to recover for injuries caused by projecting screws in shafts or other moving machinery, see note to Ford v. Mt. Tom Sulphite Pulp Co. 48 L. R. A. 96.

The action was brought by Charles Stoll against Barton Hoopes *et al.,* trading as Hoopes & Townsend, averring, in substance, that plaintiff was hired by the defendants as a laborer, and was taken from such employment and ordered to clean, oil, and run a certain defective machine, without instruction, and that while he was employed cleaning the machine he was injured. The plaintiff averred that the injuries were the consequence of the defendants' negligence in not providing a safe machine and proper instructions.

The defendants pleaded not guilty.

At the trial, before GORDON, J., and a jury, the evidence given on behalf of the plaintiff was substantially as follows:

The plaintiff testified that he had been a laboring man in a brick yard, for a street contractor and in gas works, at chance work. In June, 1880, when about forty-eight years of age, he was employed by defendants as a laborer and was put to work in the punching shop of their iron works. The superintendent told him to go to a man at work on the cupping machine, who would show him what to do. Plaintiff worked about an hour on the cupping machine, and then was taken into another shop and set to wheeling iron ore, and straightening iron out of which nuts were punched; that he was employed in these different ways for three or four nights and then put back on the cupper. On one occasion the front of the cupping machine got hot while he was at work on it; he informed the superintendent, who told him to oil the machine; that there were little holes in which the oil should be put—but did not show him the holes. The machine was running at the time. There was waste kept for cleaning the machine. Plaintiff never worked continually on this machine, but only half an hour or so at a time.

On the night of July 30, 1880, plaintiff, after having been at work shoveling coal, went to work on the machine and cupped a nut and showed it to the boss, who said it was good enough. Plaintiff then took a piece of waste to clean the machine, when the cog wheels struck his hand and cut it off.

On cross-examination plaintiff testified that he had been in the habit of stopping and starting the machine, and that his place while running the machine was in front and not around by the cogs; that all he had to do was to put a nut on the machine in front, as the machine came around, for the machine to cup.

The machine could be stopped by him when he wished to clean it; but he did not know that it should not run while being cleaned. The foreman told him at the time to stop work and clean up. He saw the cogs running while he was cleaning the machine—the machine was running, but not working. He had no object in allowing it to run while he was cleaning it.

George W. Elliott, a witness for plaintiff, testified that he was an engineer in defendants' employ at the time of plaintiff's injury; the cog wheels in the machine in question were not guarded; many other similar machines in the same shop were guarded, and it was easy to guard them. There were places where it would not be safe to clean a guarded machine while running; it was dangerous to go around them; the machine would run for ten to fifteen minutes after throwing off the shaft to stop it; the driving wheel would keep it running.

On cross-examination the witness stated that the main object of guarding the machines was to prevent clothing being caught.

This was substantially all the evidence on the question of liability for the injury, and after argument upon that question, the court ruled as follows:

The plaintiff was not injured in using a machine which required peculiar knowledge. On the contrary, so far as the use of this machine was concerned, he had used it and used it with safety. He was employed in cleaning the machine. That is not skilled labor, and does not require a technical knowledge. He was injured not by reason of any particular danger lurking in this machine, but by reason of a principal of mechanism which every man is supposed to know: that if he put his hand into a running wheel that has a cog it will be injured. The cogs were not covered; it was not any hidden mystery or danger in the machine which he did not know. He saw that the cogs were there, and had the ability and knowledge to stop the machine, and to have made his employment a safe one. He chose to assume the risk, and it seems to me that there is no evidence of negligence on the part of the defendants, and that there is the clearest evidence of contributory negligence on the part of the plaintiff. For these reasons, therefore, I will enter a nonsuit.

Judgment of nonsuit having been entered, plaintiff moved to strike it off, which motion having been refused, plaintiff took this writ, assigning as error the action of the court: (1) In entering

a judgment of nonsuit; (2) in refusing to strike off said judgment of nonsuit; and (3) in refusing to submit to the jury, under proper instructions, the questions whether the machinery at which the plaintiff was put to work was, without brakes or guards, a safe appliance, in the hands of an ignorant, unskilled laborer, for the purpose to which he was ordered to apply it, and the degree of duty and care required of the defendants toward the plaintiff, and the kind of skill or care required of the plaintiff, under the special circumstances of this case, as questions of fact for the jury upon all the evidence.

*W. H. Addicks* and *Mayer Sulzberger,* for plaintiff in error. —In cases of youth or inexperience in an employee it is the duty of the employer to properly instruct and guard against accident; and where a man is hired for one class of labor and is put to a more dangerous work, a higher degree of care, skill and foresight is expected of the employer. In other words, the duty, responsibility and degree of skill are shifting and uncertain quantities; and a jury must adjust a balance in such cases. Cooley, Torts, 553, 555, 556; Wharton, Neg. 210, 211; Sullivan v. India Mfg. Co. 113 Mass. 396; Patterson v. Pittsburg & C. R. Co. 76 Pa. 389, 18 Am. Rep. 412; Connolly v. Poillon, 41 Barb. 366; Ryan v. Fowler, 24 N. Y. 410, 82 Am. Dec. 315; Addison, Torts, 223, 489, 490; Porter v. Hannibal & St. J. R. Co. 60 Mo. 160; Davies v. England, 10 Jur. N. S. 1235; Spelman v. Fisher Iron Co. 56 Barb. 151.

It is the duty of the employer to furnish safe machinery for use of an employee. Mullan v. Philadelphia & S. Mail S. S. Co. 78 Pa. 25, 21 Am. Rep. 2; Patterson v. Pittsburg & C. R. Co. 76 Pa. 389, 18 Am. Rep. 412; Clarke v. Holmes, 7 Hurlst. & N. 937; Oak Ridge Coal Co. v. Reed, 5 W. N. C. 3; Mellors v. Shaw, 1 Best & S. 437; Brydon v. Stewart, 2 Macq. H. L. Cas. 30; Coombs v. New Bedford Cordage Co. 102 Mass. 572, 3 Am. Rep. 506; Green & C. Streets Pass. R. Co. v. Bresmer, 10 W. N. C. 379.

The employee must be shown and made to appreciate the risk he otherwise might ignorantly incur. Coombs v. New Bedford Cordage Co. 102 Mass. 572, 3 Am. Rep. 506; O'Donnell v. Allegheny Valley R. Co. 59 Pa. 239.

A master of dangerous works is bound to be careful to prevent accidents to those employed by him. If his machinery or appa-

atus is not staunch and appropriate, or if he permits it to be used without proper guards, and mischief consequently arises, he will be responsible. Weems v. Mathieson, 4 Macq. H. L. Cas. 215.

*R. C. McMurtrie* and *N. H. Sharpless,* for defendants in error. —No negligence is imputable to the master unless the servant must have been known to be ignorant of the risk, either from his extreme youth or the hidden nature of the danger. If there be danger and it is known to exist, the servant assumes the risk, and the maxim, *Volenti non fit injuria,* applies.

1. Where the fact is obvious, even to the unskilled (63 Iowa, 562); if equally well known and palpable (33 L. T. 111); if an ordinarily observant servant man would have seen it (20 S. C. 559); servant is bound to know what is plainly visible (Sykes v. Packer, 99 Pa. 469); a boy of nineteen who has been to sea is presumed to know all risks incident to ships (137 Mass. 243).

2. Actually seeing the facts that cause a peril proves a knowledge in the servant for the purpose of making him assume what was confessedly gross negligence in the master. Woodley v. Metropolitan Dist. R. Co. L. R. 2 Exch. Div. 384; Thomas v. Quartermaine, L. R. 18 Q. B. Div. 699.

PER CURIAM:
Judgment affirmed.

---

## Appeal of Henry Henke and Henry Ichler, Exrs.

---

## Caroline Wertheim's Estate.

Where plaintiffs, by virtue of their power as executors, for the purpose of having state loan certificates which stood in the name of their testatrix, transferred to them as executors, delivered the same to bankers for that purpose, attaching to said certificates an irrevocable power of attorney duly executed by them in blank, and said bankers pledged said certificates and procured a loan thereon from an innocent third party—in an action by the executors to recover from the third party said certificates it was *held:*

NOTE.—To the same effect see Westinghouse v. German Nat. Bank, 196 Pa. 249, 46 Atl. 380; McManus v. Laughlin, 186 Pa. 498, 40 Atl. 992; Gilbert v. Erie Bldg. Asso. 184 Pa. 554, 39 Atl. 291. The pledgee is not protected where there are circumstances to put him upon inquiry. Ryman v. Gerlach, 153 Pa. 197, 25 Atl. 1031, 26 Atl. 302; Westinghouse v. German Nat. Bank, 188 Pa. 630, 41 Atl. 734.