GEORGE F. WESCOTT *vs.* NEW YORK AND NEW ENGLAND
RAILROAD COMPANY.

Suffolk.   March 4, 1891. — April 1, 1891.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Railroad — Due Care — Assumption of Risk.*

If the conductor of an east-bound train standing at a station on a single track rail-
road, acting under orders from his superior issued under a misapprehension and
temporary forgetfulness of rules equally known to both, which gave the right
of way to an overdue west-bound train, starts his train without a protest other
than to say that he would not take the responsibility, and then goes about his
duties thereon, he is not in the exercise of due care, such as will enable him to
maintain an action against the railroad company for personal injuries resulting
from a subsequent collision of the trains; and if, knowing that the service was
dangerous, he undertook it through fear of losing his position if he disobeyed,
he will be taken to have assumed the risk.

TORT for personal injuries resulting to the plaintiff, while in
the employ of the defendant as a conductor, from a collision of
trains upon the defendant's railroad. At the trial in the Superior
Court, *Dunbar*, J. ruled, against the plaintiff's objection, that
the action could not be maintained, and ordered a verdict for
the defendant; and the plaintiff alleged exceptions, which, so
far as material to the points decided, appear in the opinion.

*S. H. Tyng*, (*H. E. Fales* with him,) for the plaintiff.

*R. D. Weston-Smith*, for the defendant.

KNOWLTON, J.   The direct and proximate cause of the acci-
dent was the starting of the train in violation of the rules of the
road, when another train running in the opposite direction was
overdue at the station, and was expected to come immediately
over the same track.   The person primarily responsible for this
negligent act was Jenks, the defendant's agent in charge of that
part of its road, under the direction of the officers and agents of
the whole road and of the division superintendent of the eastern
division.   But the plaintiff was a conductor in charge of a pas-
senger train; he had been employed for twenty years on this
railroad, and was familiar with the running of trains, and the
provision made for the management of them.   His train was

going east; and he knew that by Rules 20 and 21 * the train going west had the right of way, and that it was his duty to wait indefinitely for it, and to keep his train out of the way of it. He knew that Jenks could have got no information in regard to the other train which would make it safe for him to start his train ; for he said in testimony, "I knew he had no right under the new time table to leave until 167 [the westbound train] came, and that Jenks could not have got word of it at Franklin, because there was no telephone." Notwithstanding this, he did not ask Jenks what reason he had for suggesting or ordering the starting of the train, and he made no protest against it other than to say that he would not take the responsibility, and he took his position on the train as it started, and began to take up tickets.

The conduct of Jenks was grossly negligent, and there is no evidence of due care on the part of the plaintiff in consenting to the starting of the train, and in going on as its conductor, under such circumstances. It appears that Jenks was acting under misapprehension and forgetfulness, which a single sentence from the plaintiff would have corrected ; yet the plaintiff put his own life in peril, as well as the lives of the passengers, by consenting to the starting of the train, in violation of the rules of the road, without a word of formal protest, when he had every reason to expect a collision with another passenger train running in the opposite direction on the same track. If we assume, what does not distinctly appear, that it was ordinarily his duty to obey the orders of Jenks, even if they were in violation of the rules of the road, this order, if it is to be considered an order, was so obviously wrong, and was likely to involve such dreadful consequences, that it was manifestly negligent to act upon it without inquiring the reasons for it.

If, knowing that the service was dangerous, he undertook it under the order of his superior through fear of losing his position if he refused, he must be held to have assumed the risk. *Leary*

---

\* These rules were as follows:

" Rule 20. Passenger trains going west will have the absolute and indefinite right to the road against passenger trains going east.

" Rule 21. Passenger trains going east will wait indefinitely for, and must keep entirely out of the way of, passenger trains going west."

v. *Boston & Albany Railroad*, 139 Mass. 580, 587. *Woodley* v. *Metropolitan Railway*, L. J. 46 Ex. (N. S.) 521. We are of opinion that there was no evidence that the plaintiff was in the exercise of ordinary care.

The rulings requested by the plaintiff had no reference to this branch of the case, and were immaterial.

*Exceptions overruled.*