[No. 1360.   Decided June 28, 1894.]

SYVERT ANDERSON, *Appellant*, v. THOMAS GUINEAU, *Respondent*.

MASTER AND SERVANT — FELLOW SERVANTS — DEFECTIVE APPLIANCES.

Where a servant upon taking a vacation hires and agrees to pay a substitute for performing his duties, such substitute becomes a fellow servant of those who occupy that relation to the servant whose place he is filling.

Where a servant is aware of a defect in appliances at the time he undertakes to perform a particular service in connection therewith, he cannot recover for injuries received on account of such defective appliance, when it is not shown that the master was aware of such defect.

*Appeal from Superior Court, King County.*

*Ronald & Piles*, for appellant.

*Semple & Hale*, for respondent.

The opinion of the court was delivered by

Scott, J. — The defendant was proprietor of a hotel. On May 3, 1893, one Dillon was in his employ as an engineer in charge of the steam heating apparatus, and it was part of his duties to fill with oil once a week or oftener the cups on the shafts connected with the pulleys used in the operation of the passenger elevator in the hotel. Dillon, desiring to take a vacation, employed the plaintiff to take his place and perform his duties until his return, for which Dillon was to pay him. The defendant consented to this arrangement. During the time of his employment the plaintiff was injured while oiling the cups aforesaid on the elevator, and it is alleged that said injury was caused by the carelessness of the defendant's servant, the elevator boy who was running the elevator. Plaintiff sued for $5,000 damages. A demurrer to the complaint was sustained, and from the judgment of dismissal thereon this appeal was taken.

Two questions are raised in appellant's brief, although but one was pressed at the oral argument of the cause. That one is as to whether the plaintiff and the elevator boy were fellow servants. We are of the opinion that Dillon and the elevator boy were fellow servants, and this was not strenuously disputed by appellant; but he contends that he stood upon a different footing in consequence of the fact that the hotel proprietor was not his employer, he

20 — 9 WASH.

having been hired by Dillon, and Dillon only being responsible to him for his pay. There is no claim in the complaint that the defendant had not used due care in the employment of the elevator boy, nor that he had retained him in his service after having received notice of any negligence in the performance of his duties. Appellant's contention is based upon the ground that there was no contractual relation between himself and the defendant, and for that reason he could not be held to have been his servant; but we do not think his position is well taken. The plaintiff was hired by Dillon as his substitute, and he must be held to have taken Dillon's place with all of its responsibilities and liabilities so far as the defendant is concerned, although the defendant consented to the change.

The further question raised in the brief is based upon a claim that the defendant is liable in consequence of having provided insufficient and defective machinery. There is no allegation, however, that appellant did not know the machinery was defective, and the particular defect complained of (if it was a defect) is that there was no platform provided to stand upon in filling the oil cups, and of course appellant must have known this, at least when he undertook to perform the particular service.

We think the demurrer to the complaint was properly sustained and the judgment is affirmed.

DUNBAR, C. J., and HOYT, ANDERS and STILES, JJ., concur.