JOSEPH C. BOYD *vs.* FERDINAND BLUMENTHAL and JULIEN STEVENS ULLMAN, trading as F. BLUMENTHAL & CO.

*Case—Personal Injuries—Negligence—Master and Servant—Machinery—Dangers—Assumption of Risk—Duty of Master; of Servant—Damages.*

1. It is the duty of the master to provide for the servant a reasonably safe place in which to work, reasonably safe tools and appliances with which to work, and also to keep them in a reasonably safe condition. The care required is in proportion to the dangerous character of the employment, The place, tools, machinery and appliances need not be of the best, nor of the latest pattern, nor of the most improved kind, but must be reasonably safe and adapted to the purpose for which they are to be used. If the master fails to pêrform such duty and injury results from such failure alone, he is liable.

2. The servant assumes the dangers and hazzards which are ordinarily incident

to the service which he undertakes, and is presumed to have contracted with reference to them. Where the employment is dangerous he also assumes the risk of danger from manifest peril. He also assumes the risk and dangers of devices and methods of work which are open and apparent, and equally well known to the servant and master. But he does not assume those risks which may not be seen and known.

3. When machinery is defective in the knowledge of the employee, yet if the master promises to remedy the defect, and the employee, relying on that promise, continues to use it for a reasonable time, he does so at the master's risk, inasmuch as he has a right to rely on such promise.

4. Notice of defects given to the foreman having charge of the particular work and department is notice to the master; and the promise to remedy the defects made by such foreman is in law the promise of the master.

5. If the servant at the time of the accident was acting outside of the scope of his employment, without the order of the master, he cannot recover, and it matters not how defective and dangerous the machinery may have been. Neither is he entitled to recover if the accident was caused by his attempt to do something which he was warned not to do. In either case he would assume the risk of danger.

6. It is the duty of the servant as well as of the master to exercise care and prudence in all cases commensurate with the risk or danger of the employment. If the servant contributed to the accident by his own negligence he cannot recover. Where contributory negligence is relied on as a defence, however, the burden of proving such negligence is upon the defendant.

7. The measure of damages stated.

*(June 11th, 1902.)*

LORE, C. J., and GRUBB and PENNEWILL J. J., sitting.

*Robert H. Richards* and *Walter H. Hayes* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, May Term, 1902.

SUMMONS CASE (No. 49, Nov. Term, 1900).

PENNEWILL, J., charging the jury:

Gentlemen of the jury: —This action is brought by the

plaintiff, Joseph C. Boyd, against the defendants, Ferdinand Blumenthal and Julien Stevens Ullman, trading as F. Blumenthal & Co., for the recovery of damages for personal injuries which he claims to have sustained because of the negligence of the defendants.

The plaintiff contends that on May 16, 1900, he was working for the defendants at their morocco factory in this city; that in the due course of his employment he was taking trucks in the elevator from a lower to a higher floor, when, on account of the defective unsafe and dangerous condition of said elevator, his left hand was, crushed, bruised and permanently injured by being caught between the handles of one of the trucks and a joist or piece of wood which was exposed, uncovered and projecting upon one of the walls or sides of the shaft of the elevator. He further contends that such defective, unsafe and dangerous condition of the elevator resulted from the negligence of the defendants.

The defendants deny that there was any negligence whatever on their part which caused the injury complained of. They insist that the elevator was in a reasonably safe condition; and that the negligence, if any there was that caused the injury, was the negligence of the plaintiff himself.

In order that the plaintiff may recover in this action it is necessary for him to satisfy you that the injury happened in the manner alleged by him; that it was caused by the negligence of the defendants, and without any contributory negligence on his part.

The material and important question for your determination from the testimony, is whether the injury to the plaintiff was caused by the defendants' negligence; because, if it was not so caused, the plaintiff cannot recover.

Negligence may be said to be the want or absence of ordinary care; that is, of such care as a reasonably prudent and cautious man would exercise under similar circumstances.

For your guidance, gentlemen, we will state the rules or principles of law which we conceive to be applicable to this case. They

have heretofore been laid down by this Court in other cases, and may be regarded as well settled in this State.

It is conceded that the defendants were, at the time of the accident, operating the factory of which the elevator in qustion formed a part; and also that the relation of master and servant existed between the plaintiff and defendants at the time of the accident. It becomes our duty, therefore, to instruct you as to certain rights, duties and obligations growing out of that relation.

It is the duty of the master to provide for the servant a reasonably safe place in which to work, reasonably safe tools and appliances with which to work, and also to keep them in a reasonably safe condition. The care required in this regard is in all cases in proportion to the dangerous character of the employment. The place, tools, machinery and appliances need not be of the best, nor of the latest pattern, nor of the most improved kind; but must be reasonably safe and adapted to the purpose for which they are to be used. If the master fails to perform such duty and injury results from such failure alone, he is liable.

The servant assumes the dangers and hazzards which are ordinarily incident to the service which he undertakes, and is presumed to have contracted with reference to them. Where the employment is dangerous he also assumes the risk of danger from manifest peril. He also assumes the risk and dangers of devices and methods of work which are open and apparent, and equally well known to the servant as to the master.

*Winkler vs. the Phila. & Reading Ry. Co., 4 Pennewill.*

But while an employee assumes all the ordinary risks of his employment, and such dangers as are patent, and are seen and known, or may be seen and known by the ordinary use of his senses, he does not assume those risks which may not be seen and known.

When machinery is defective in the knowledge of the employee, yet if the master promises to remedy the defect, and the employee relying on that promise, continues to use it for a reasonable time, he does so at the master's risk, inasmuch as he has a right to rely upon such promise.

Notice of defects given to the foreman having charge of the particular work and department, is notice to the master; and the promise to remedy the defects made by such foreman is in law the promise of the master.

If the servant at the time of the accident was acting outside of the scope of his employment, without the order of the master, he cannot recover, and it matters not how defective and dangerous the machinery or appliances may have been. Neither is he entitled to recover if the accident was caused by his attempt to do something which he was warned not to do. In the one case he would be doing something he was not authorized to do, and in the other something he was forbidden to do, and in either case assumed his own risk, for which he could not hold the master liable.

This action is based upon the negligence of the defendants, which is never presumed but must always be proved before the plaintiff can be entitled to recover. The burden is upon the plaintiff to show such negligence by a preponderance of the proof. The injury must be the result of the negligence of the defendants only; for if the plaintiff contributed proximately in any way to the accident, or by the exercise of ordinary care he could have avoided the accident, he may not recover.

It is the duty of the servant as well as of the master to exercise care and prudence in all cases commensurate with the risk or danger of the employment. Therefore, if the plaintiff contributed to the accident by his own negligence, he cannot recover. Where contributory negligence is relied upon as a defense, however, the burden of proving such negligence is upon the defendant.

If you should believe from the preponderance of the testimony in this case that the injury happened to the plaintiff in the manner alleged by him; that the elevator was at the time of the accident not reasonably safe and adapted to the purpose for which it was used, and by reason thereof the accident occurred; that the injury was caused by the negligence of the defendants, and that the negligence of the plaintiff in no way contributed approximately thereto, your verdict should be for the plaintiff.

If, however, you should believe that the injury did not happen to the plaintiff in the manner by him alleged; that the elevator at the time of the accident was . reasonably safe and adapted to the purpose for which it was used, or that the plaintiff's own negligence contributed to the injury complained of, your verdict should be for the defendants.

If you find for the plaintiff your verdict should be for such sum as in your judgment, from the testimony, will reasonably compensate him for his injuries; including therein his loss of time and wages, his pain and suffering in the past and such as may be in the future, resulting from the accident; and also for such pecuniary loss as from the evidence you believe will arise from his impaired ability to earn a living in the future.

Verdict for plaintiff for $2,000.