WILLIAM PUNKOWSKI *vs.* NEW CASTLE LEATHER COMPANY.

*Personal Injuries—Evidence—Expert Opinion of as to Danger—*
*Negligence—Due Care: of Master; of Servant—Minor—*
*Inexperience—Warning—Instruction—Assump-*
*tion of Risk—Obvious Danger—Rules*
*—Fellow servant—Proximate*
*cause—Burden of Proof*
*—Measure of*
*Damages.*

1 . A witness who has had large experience in the business or work in in question may give his opinion as to whether it was dangerous for a minor without experience in the particular method of doing the work, to perform the work in the way he was ordered. Such witness may also express his opinion as to what would be the proper course to pursue in operating or feeding the machine in question under such conditions.

2. Where the employment is dangerous, it is the master's duty to warn and instruct his servant as to the dangerous character of it, if by reason of his youth or inexperience the servant be unacquainted with such danger. The measure of such instructions must in all cases be gauged by such youth or inexperience. The particularity and extent of such instruction, is limited however, by the right of the master to presume, in the absence of knowledge to the contrary, that the servant has the knowledge, discretion and experience of the average servant of his age and intelligence. In like manner when a servant engages himself in any specific work, the master has a right to presume that the servant has the knowledge, experience and skill necessary for the performance of the work so undertaken, in a reasonably safe and proper manner, in the absence of knowledge to the contrary. And particularly, if the servant holds himself out to the employer as experienced in such work.

3. It is the duty of the master to make and promulgate proper rules for the government of his servants and business, in cases where such business is so large or complicated as to make his personal supervision impracticable.

4. The servant assumes all the ordinary and usual risks of his employment, and also all those risks which he knows or ought to know, however dangerous the employment may be which he engages in.

5. If the servant was warned of the particular danger, or forbidden to do the dangerous thing, and his injuries resulted from a disregard or neglect of such warning or order, he cannot recover. In that case his injuries would be the result of his own carelessness.

6. If the injuries happened to the plaintiff while in the performance of an act which was not in the line of his employment, and not a part of his duty, he assumed all the risk incident thereto and could not recover. And even if he was directed by the defendant to perform the act, he may not recover if the danger to which he was thereby subjected was obvious, and such as he knew or should have known under all the facts and circumstances of the case.

7. The burden is upon the plaintiff to prove negligence, and by a preponderance of the evidence. Where contributory negligence is set up as a defence, it must be proved by the defendant in like manner.

8. Even though the plaintiff was guilty of some negligence, yet if the defendant was guilty of the negligence which was the proximate cause of the injury, the plaintiff would be entitled to recover.

9. Measure of damages.

*(February 25, 1904.)*

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Leonard E. Wales* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, February Term, 1904.

SUMMONS CASE (No. 95, May Term, 1903).

The facts appear in the charge of the Court.

At the trial the plaintiff called as a witness, one John J. Hubbard, and, after proving by said witness that he had thirteen years' experience in morocco factories in the city of Wilmington, working on a putting-out machine similar to the one on which the plaintiff was alleged to have been injured, the following questions were asked :

Q. The plaintiff has testified in this case, that while working as a feeder on a putting-out machine at the defendant's factory in this city, without any previous experience in that particular method of doing the work, he was ordered and directed by his foreman to

36

hold the skin on the table of the machine after it had ascended and passed between the rolls of the machine; the rolls being hidden from his view by a hood. Taking into consideration the experience and age of the plaintiff, as testified to by the plaintiff in your hearing, state whether or not, in your judgment, it was dangerous for the minor to do such work?

(Objected to by counsel for defendant).

LORE, C. J.:—We think the question is admissible.

(The defendant excepted).

A. I consider it dangerous.

Q. Taking into consideration the age and experience of the plaintiff as testified to in your hearing; for safety in his employment, what in your judgment would be the proper course to pursue in operating the feeding side of the putting-out machine?

(Objected to by counsel for defendant).

LORE, C. J.:—We think the question is admissible.

(The defendant excepted).

LORE, C. J., charging the jury:

Gentlemen of the jury:—William Punkowski, by his next friend, Joseph Beloski, the plaintiff, seeks to recover from New Castle Leather Company, a corporation under the laws of this State, the defendant, compensation for injuries to his left hand, which he alleges were caused by the negligence of the defendant company.

The plaintiff claims that on the twentieth day of January, 1903, he was in the employ of the defendant in their leather factory in this city, and was working as a feeder upon a putting-out machine which was operated by steam power. Upon this machine skins were placed by the plaintiff upon a vertical table which passed up and down between two horizontal rollers which were over the

table, and used for the purpose of pressing the water out of the skins. It is claimed that the machine was specially dangerous, because of liability to catch and draw between the rollers the hand of a person working on the feeder side of the machine; that at the time of the accident, he was a minor sixteen years of age, inexperienced in the operation of the machine, and ignorant of the dangerous character of the work. The negligence of the defendant alleged is (1) that considering his youth and inexperience, the defendant did not properly or fully instruct the plaintiff as to his duties in feeding the machine, and did not properly explain and warn him of the risks and dangers incident thereto; (2) that the defendant negligently supplied pieces of skin, called "shanks," which were so small that they would not remain on the table when run up above the rollers; that he was ordered and directed by the defendant to put his hand over the top of the rollers and hold the shanks upon the table; that his hand was caught and drawn down between the rollers and injured and crushed, while it was so placed above the rollers in order to hold the shanks on the table as so directed. (3) that the defendant failed to make, promulgate and enforce proper rules and regulations for the government of its employees.

The defendant, on the other hand, claims (1) that it did give the plaintiff proper instructions as to his duties; that instead of being inexperienced in the operation of the machine and ignorant of the dangerous character of the work, the plaintiff had actually worked upon the particular machine by which he was injured some seven months; that he was an experienced feeder, and held himself out, and was employed as such; (2) that instead of being directed by the defendant to place his hand over the rollers to hold the shanks on the table, he was expressly forbidden to do so and warned of the danger thereof. That the injuries complained of resulted from the plaintiff's own carelessness and disobedience of the express order of his employer; (3) that the risks and dangers of the employment complained of were all obvious and ordinarily

incident to such employment and were risks assumed by the plaintiff in accepting such employment.

It is your duty to ascertain from the evidence in this case whether the injuries complained of by the plaintiff were caused by the negligence of the defendant or by that of the plaintiff himself.

In order to aid you in reaching a correct conclusion, it is our duty to state some of the principles of law applicable to the case, by which you are to be governed in making up your verdict.

We have been asked to direct you to find a verdict for the defendant. This we decline to do. We think it the province of the jury to determine whose negligence it was that caused the injuries, if any negligence there be.

At the time of the accident, the plaintiff and the defendant held toward each other the relation of master and servant. There are certain duties that this relation imposes upon each party.

Where the employment is dangerous, it is the master's duty to warn and instruct his servant as to the dangerous character of it, if by reason of his youth or inexperience the servant be unacquainted with such danger. The measure of such instruction must in all cases be gauged by such youth or inexperience. The particularity and extent of such instruction is limited, however, by the right of the master to presume, in the absence of knowledge to the contrary, that the servant has the knowledge, discretion and experience of the average servant of his age and intelligence. In like manner where a servant engages himself in any specific work, such as feeding the machine in this case, the master has the right to presume that the servant has the knowledge, experience and skill necessary for the performance of the work so undertaken in, a reasonably safe and proper manner, in the absence of knowledge to the contrary. And especially has the master a right to so presume if the servant represents or holds himself out to the employer as experienced in such work.

It is the duty of the master to make and promulgate proper rules for the government of his servants and business, in cases

where such business is so large or complicated as to make his personal supervision impracticable. Inasmuch as there has been no evidence offered in this case to show that the business of the defendant was so large or complicated as to come within this duty, we say to you that you are not to consider the subject of such rules at all in reaching your verdict.

Many employments are necessarily dangerous. Some are very dangerous. The servant, however, assumes all the ordinary and usual risks of his employment, and also all those risks which he knows or ought to know, however dangerous the employment may be which he engages in.

It is not contended by the plaintiff that the employment of feeding a putting-out machine like the one used in this case, however dangerous it may have been, was unsuitable for a boy of his age and intelligence; but it is claimed that the plaintiff being a minor and inexperienced in such work, did not receive from the defendant such instruction, explanation and warning as were proper for him under such circumstances.

If you believe that the plaintiff was warned of the danger of putting his hand over the rollers, or forbidden to do so, and that his injuries resulted from disregard or neglect of such warning or order, he cannot recover. In that case the injuries would be the result of his own carelessness.

Should you believe that it was not in the line of the plaintiff's employment and not a part of his duty as feeder of the putting-out machine to hold the skin upon the table after it had passed above the rollers, and he saw fit of his own motion voluntarily to do so, he assumed all risks incident thereto and cannot recover.

Even if you should believe that he was directed by the defendant to so hold such skins, he may not recover if the danger to which he was thereby subjected was obvious, and such as he knew or should have known under all the facts and circumstances of the case; for in that case he would have assumed the risks and the defendant would not be liable.

The plaintiff's right to recover is based upon the negligence of the defendant. The burden is upon the plaintiff to prove such negligence to your satisfaction, by a preponderance of the evidence. Where contributory negligence is set up as a defense, it must be proved by the defendant in like manner.

Even though you should find the plaintiff guilty of some negligence, yet if the defendant was guilty of the negligence which was the proximate cause of the injury, the plaintiff would be entitled to recover.

The question of concurrent negligence of the master and the fellow servant does not arise in this case. Should you believe, however, from the evidence, that the plaintiff's injuries were caused by the negligence of a fellow-servant with whom he was working at the time, the defendant would not be liable.

Should you find for the plaintiff, your verdict should be for such sum as will reasonably compensate him for his pain and suffering in the past and all that may come to him in the future by reason of such injuries, and for any permanent injuries and loss of ability to earn a living in the future arising therefrom, including therein any loss of time and wages that may have been proved in this case.

Verdict for defendant.