JAN JEMNIENSKI *vs.* LOBDELL CAR WHEEL COMPANY, a corporation of the State of Delaware.

*Case—Personal Injuries—Negligence—Primary Duties of Master—
Rules—Safe Place and Tools—Warning— Conflict
of Testimony.*

1. *Held* that the question of promulgation of rules was not applicable to the case before the court.

2. The fact that the defendant's cars had been, previously to the time the plaintiff was injured, upset or overturned at the place where the plaintiff's injury occured, *held* irrelevant under the evidence in the case, and therefore was not to be considered by the jury as showing knowledge of the defect in said cars and tracks on the part of the defendant.

3. If the defendant furnished reasonably safe cars, tracks and road bed for the work which the plaintiff was engaged in at the time of the accident; or if the plaintiff was riding in a dangerous place on the engine, after having been warned by the engineer not to do so, and in doing so he either fell or was thrown to the ground whereby he received his injuries, then he would not be entitled to recover; for if a servant be injured while disregarding a proper warning, it will preclude a recovery for such injuries.

4. If the pin which was intended to hold the movable rim or frame upon the defendant's car was broken, or the track or roadbed of the defendant upon which the cars were operated was defective and unsafe, and that in consequence thereof the plaintiff was injured he would be entitled to recover, if at the time of the accident he was without negligence proximately entering into the cause of the accident.

5. The rule that should govern the jury when the testimony is conflicting.

(*July 7, 1905.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Charles F. Curley* and *J. Harvey Whiteman* for plaintiff.

*James W. Ponder* and *John Biggs* for defendant.

Superior Court, New Castle County, May Term, 1905.

ACTION ON THE CASE (No. 82, September Term, 1904), to recover damages for personal injuries alleged to have been occasioned by reason of the negligence of the defendant. See facts in charge of court.

The defendant moved for a nonsuit on the ground that the defects in the car and tracks of the defendant, claimed by the plaintiff to have been the cause of his injuries, were as apparent to the plaintiff as to the defendant, and that therefore he assumed the risk of dangers arising from his employment in and about the same and could not recover.

Counsel for plaintiff in reply contended that there were three grounds of negligence of the defendant upon which they based their suit, all of which had been proved:

*First.* A broken pin in the frame resting upon the top of the car on which the plaintiff was riding at the time of the accident, which broken pin was the cause of the frame's being thrown off and the latter striking the plaintiff caused his injuries.

*Second.* The uneven and defective condition of the track which contributed to the accident, and

*Third.* The absence of rules governing the operation of the cars over the track in question.

The plaintiff further contended that the furnishing to its employees of a safe place in which to work and safe tools with which to work, as well as the promulgation of rules, were primary duties of the master, which the proof disclosed had not been performed by the defendant company; that the plaintiff was uninstructed in his duties, having been engaged but one day upon the work in the performance of which he was injured, and under the circumstances assumed no risks.

BOYCE, J.:—The Court are of the opinion, under the facts as they have been proved, that rules do not apply in this case.

We decline to grant the nonsuit.

Counsel for the defendant at the conclusion of the testimony in the case, asked the Court to give binding instructions to the jury to find a verdict in favor of the defendant, basing said application upon the same grounds as urged in the motion for a nonsuit.

BOYCE, J., charging the jury:

Gentlemen of the jury:—Jan Jemnienski, the plaintiff seeks,

by this action, to recover from the Lobdell Car Wheel Company, the defendant, damages for personal injuries, which he alleges were occasioned by reason of the negligence of the defendant company, on the sixth day of May, A. D. 1904, while engaged at work for the defendant company, at their plant in this city.—We decline to instruct you to find for the defendant.

The plaintiff claims that the defendant company owned and operated a small railway in connection with their plant, the cars of which were propelled by a small steam locomotive for the purpose of hauling dirt, ashes and materials from, into and around the premises of the defendant company. That on the morning of the accident, certain of the cars, being loaded with ashes and cinders, he was ordered by the company to get upon one of the cars for the purpose of assisting in unloading the same at the dump. That afterwards he seated himself on an empty car next to the engine, and that, while the cars were being drawn back to the works of the company, all, except the engine, jumped the tracks and that the rim or frame resting on the top of the car upon which he was riding, by reason of a defective pin or bolt which was used to fasten the same to the car, became detached and it was thrown from the car, striking him violently back of the neck, whereby he was thrown from the car to the ground when both his legs were broken and he was otherwise seriously injured ; that he has since lost one of his legs by reason of the injuries then received and has suffered great pain and is permanently injured. He further claims that his injuries occurred because the tracks and roadbed upon which the cars ran were so narrow, contracted, uneven, imperfect and defective as to render the cars dangerous and unsafe to the servants of the defendant company working upon them. And he alleges that the defendant company had knowledge of their defective condition.

The defendant, however, claims that it exercised all reasonable and proper care ; that the roadbed was firm and solid ; that the tracks were in good condition, having been laid on new ties with new rails very shortly before the accident, when steam as a means of propulsion was substituted for hand power, previously used ;

that when the cars had been unloaded at the dump on the morning of the accident, the plaintiff started to ride back on the bumper of the engine, when he was ordered away by the engineer; that he was subsequently seen by the engineer on the bumper; and the defendant claims that while so standing upon the bumper the plaintiff was either thrown or fell therefrom, receiving his injuries in consequence thereof, and as a result of his own negligence in attempting to ride back in a place of danger after being warned not to do so. And the defendant denies all liability whatsoever for the injuries sustained by the plaintiff.

You have observed that the contentions of the respective parties are opposed to each other; and it is for you to determine from the evidence, produced before you, considered in connection with the law as announced to you by the Court, which are true.

The relation existing between the defendant company and the plaintiff at the time of the accident was that of master and servant, and the primary duty imposed upon the defendant company towards the plaintiff in the course of and throughout his employment, by reason of this relation, was to furnish him a reasonably safe place in or upon which to work, and reasonably safe tools, machinery and appliances with which to work.

It has been repeatedly held by this Court that the place furnished and the tools and machinery used need not be of the safest, best, nor of the most improved kind. It is sufficient if they be reasonably safe and adapted to the purpose of the employment. If a master fails to observe this rule of law and injury results to his servant from such failure, he becomes liable therefor on the ground of negligence. And the master cannot delegate his primary duties to another and escape his liability for the performance of such duties. The servant assumes no risk whatever as to these primary duties at the time he enters upon his employment; but he does assume all the ordinary risks incident to the employment, such as are patent, seen and known, or which may be seen and known by the ordinary use of his senses. And he is required to exercise due care and caution in the course of his employment to avoid dangers and

injuries; for the master, having performed the primary duties required of him, is not an insurer of the safety of his servants.

This action, as you doubtless understand, is based upon the alleged negligence of the defendant. The burden of proving such negligence is cast upon the plaintiff, and it must be proved to your satisfaction by a preponderance of the evidence; for negligence is never presumed. Whether there was any negligence at the time of the accident, and whose, must be determined by you from the evidence, under all the facts and circumstances detailed to you by the witnesses.

Negligence, in a legal sense, has been defined to be the failure to observe, for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury. To entitle the plaintiff to recover in this action, he must satisfy you that the injuries complained of resulted from the negligence of the defendant, and that at the time of the accident he was without any fault or negligence which proximately entered into and contributed to his injuries. For if at that time his negligence proximately contributed to his injuries, it would defeat his right to recover.

The plaintiff has requested us to charge you that it was the duty of the defendant company to make and promulgate proper rules for the government of its servants and business, and that the absence of such rules is of itself negligence. This request correctly states the law where the character of the service and the employment of the servants make it necessary for their proper protection. But we do not think that the question of the promulgation of rules is at all applicable to this case under the evidence. The plaintiff has further requested us to charge that if the jury believe that the defendant's cars had been, previously to the time the plaintiff was injured, upset or overturned at the place where the plaintiff's injury occurred, then such upsetting or overturning was evidence showing knowledge of the defect of said cars and tracks on the part of the defendant. We regard this request as inapplicable to the evidence in this case.

You have heard the testimony in this case. You are the exclusive judges of the credibility of the witnesses and of the weight and value of the evidence. You should decide this case in favor of the plaintiff or the defendant according as you find the preponderance of the evidence.

Where there is conflict in the testimony, as in this case, you must reconcile it, if you can. If you cannot, you should take into consideration the character, intelligence and fairness of the witnesses as appearing to you from their testimony, their means of knowledge of the facts about which they testified, and you should accept so much of the testimony which under all the circumstances of the case seems worthy of belief.

If you find that the defendant furnished reasonably safe cars, tracks and roadbed for the work which the plaintiff was engaged in at the time of the accident, or if you find that the plaintiff was riding in a dangerous place on the engine, after having been warned by the engineer not to do so, and in doing so, he either fell or was thrown to the ground whereby he received his injuries, then he would not be entitled to recover; for if a servant be injured while disregarding a proper warning, it will preclude a recovery for such injuries.

If you find that the pin which was intended to hold the movable rim or frame upon the defendant's car was broken, or that the track or roadbed of the defendant upon which the cars were operated was defective and unsafe, and that in consequence of such defects, or either, or any of them, the plaintiff was injured, he would be entitled to recover, if at the time of the accident you also find that he was without negligence proximately entering into the cause of the accident.

If you find for the plaintiff, the measure of damages would be such reasonable sum as will compensate him for his injuries, including therein his loss of time and wages, his pain and suffering in the past and such as may come to him in the future and for such permanent injuries as he may have sustained, as well as any pecuniary loss from disability to earn a living in the future, as the result of such accident.                    The jury disagreed.