JEREMIAH COUGHLAN, administrator of Timothy Coughlan, deceased, *vs.* PHILADELPHIA, BALTIMORE AND WASHINGTON RAILROAD COMPANY, a corporation of the State of Delaware.

*Case—Death of Intestate; Damages for—Master and Servant— Fellow-Servant—Negligence—Ignorance of Duties and Dangers—Instructions—Dangerous and Unsuitable Appliance—Inadequate Number of Crew—Contributory Negligence.*

1. The relation of master and servant *held* to have existed between defendant and deceased.

2. Primary duties of the master defined.

COUGHLAN vs. P. B. AND W. R. R.        243

SYLLABI—CHARGE.

3.   Where an unskilled servant is directed by the master to perform dangerous work with which he is not acquainted, and where the dangers are latent, that is, not manifest or apparent, it is the duty of the master to instruct such servant as to his duties, and to give warning respecting the danger.   It is also the duty of the master to see that the number of ser-vants engaged upon any particular work is sufficient to secure the rea-sonable safety of each of them.

4.   The defendant would not be liable if the danger complained of was apparent to a person of ordinary intelligence and care, or if, at the time of the accident the deceased was using the dangerous appliance without any order to do so, or contrary to the orders given by the defen-dant.

5.   If the deceased saw and knew of the inadequacy of the crew, and continued to work without objections; or if a part of the crew were tem-porarily absent in an emergency not reasonably to be anticipated by the master, the defendant would not be liable.

*(March* 26, 1907.)

LORE, C. J., and PENNEWILL, J., sitting.

*W. W. Knowles* for plaintiff.

*Andrew C. Gray* for defendant.

Superior Court, New Castle County, February Term, 1907.

ACTION ON THE CASE (No. 97, May Term, 1906) by the ad-ministrator of Timothy Coughlan, deceased, to recover damages for the death of said deceased claimed to have resulted from the negligence of the defendant company.

See facts in charge of Court.

LORE, C. J., charging the jury:

Gentlemen of the jury:—Jeremiah Coughlan as adminis-trator of Timothy Coughlan, deceased, the plaintiff, seeks in this action to recover damages for the death of the said Timothy Coughlan, which he claims resulted from the negligence of the P., B. & W. Railroad Company, the defendant.

The plaintiff claims that Timothy Coughlan, the deceased, was killed August 31, 1905, at Todd's Cut, near this City, while working as brakeman, in attempting to uncouple a steam yard crane and a tender or coal tank, in making a flying switch, by being caught and crushed between the rope connecting the said

car and the end of the tender. That the deceased had been ordered by the defendant to act as brakeman, only a few days before the accident; that such work was outside of his employment as a common laborer with the company; that he was ignorant of.the duties and dangers of a brakeman's work and that he received no instruction or warning on the part of the company with respect thereto. It is further claimed that the rope which was used in making the coupling was dangerous and unsuitable for the purpose; and that the shifting crane was inadequately manned for reasonable safety.

The defendant denies all these allegations. It claims that the deceased was instructed in his duties as brakeman and warned as to danger; that the rope used in coupling was so used contrary to the order of the defendant; that the danger of such coupling was apparent to a person in the exercise of ordinary care; that the death of Timothy Coughlan was the result of his own negligence.

We have been asked to instruct you to render a verdict for the defendant. This we decline to do, as we think this case should be decided by the jury upon the evidence adduced and the law as declared by the Court.

At the time of the accident, the relation of master and servant existed between the deceased and the defendant.

Where this relation exists it is the duty of both master and servant in the performance of their respective duties to exercise all such care and precaution as may be reasonably necessary to prevent accident and injury.

It is the duty of the master to provide for his servant a reasonably safe place in which to work and reasonably safe and proper tools and appliances with which to perform such work. Such tools and appliances need not be the latest, the most improved nor the best; but they should be reasonably safe and adapted to the nature of the work to be done. Subject to this rule, the master has a right to conduct his business as he may deem best and to use such tools and appliances as he may elect.

Where an unskilled servant is directed by the master to perform dangerous work, with which he is not acquainted and

where the dangers are latent, that is, not manifest or apparent, it is the duty of the master to instruct such servant as to his duties and to give warning respecting the danger.

It is the duty of the master to see that the number of servants engaged upon any particular work is sufficient to secure the reasonable safety of each one of them.

It is the duty of the servant to obey and follow the orders of the master with respect to his work.

A servant assumes all the ordinary and apparent risks of his employment, however dangerous such employment may be. He also assumes all risk and danger of which he has knowledge, or might have knowledge by the reasonable exercise of his faculties.

Should you be satisfied from the evidence in this case, that Timothy Coughlan was ignorant of the duties of a brakeman, and without any instruction or warning, under the orders of the company, was using this rope in uncoupling the yard crane and tender, in the exercise of due care upon his part, and that his death resulted under such circumstances, the defendant would be liable. The defendant would not be liable, however, if Coughlan had been properly instructed. The defendant would not be liable if the danger of the coupling was apparent to a person of ordinary intelligence and care. If Coughlan at the time of the accident was using the rope and making the coupling without any order to do so, or contrary to the orders given by the company there can be no recovery. In such case if Coughlan saw fit voluntarily to use a dangerous rope and appliances without the order of the defendant, or contrary to the order of the defendant, he would assume all the risks of such misconduct and must take the consequences.

If you are satisfied that death resulted in this case, from the mere fact that the crew of the shifting crane was not sufficient to procure the reasonable safety of the workman, the company would be liable. But if the deceased saw and knew of such inadequacy and continued to work without objection; or if a part of the crew were temporarily absent in an emergency not

reasonably to be anticipated by the master, the defendant would not be liable.

This case is founded upon the negligence of the defendant. In order to recover the plaintiff must show to your satisfaction that there was negligence on the part of the defendant which was the proximate cause of the death of the deceased. Such negligence is never presumed. It must be proved by the plaintiff.

Where testimony is conflicting, the jury should reconcile it if they can. If they cannot do so, they should find a verdict for the party in whose favor there is the greater weight of the evidence; taking into consideration the character of the witnesses, their means of knowing the facts of which they speak, their fairness, intelligence, interest, and all other circumstances tending to show the value of their testimony.

If your verdict should be for the plaintiff, it should be for such a sum as the deceased would probably have accumulated during life, and which would have gone to his next of kin; taking into consideration the age of the deceased, his ability, disposition to labor, his habits of living and expenditure.

Verdict for defendant.