ERNEST L. DERRICKSON *vs.* THE COMMISSIONERS OF THE TOWN OF HARRINGTON, a municipal corporation of the State of Delaware.

(*July* 7, 1927.)

HARRINGTON and RICHARDS, J. J., sitting.

*James H. Hughes* for plaintiff.

*Henry Ridgely* for defendant.

Superior Court for Kent County, No. 20, July Term, 1924.

HARRINGTON, J., delivering the opinion of the Court:

The demurrer admits the truth of all facts properly pleaded.

It, therefore, admits the allegations in the first count that the defendant operated a water pumping plant in the town of Harrington and employed the plaintiff to work for it in and about said plant; that the said plaintiff was unskilled in the use of machinery and ignorant of the dangers thereof; that without any specific instructions as to such dangers he was ordered by the defendant to wipe the dirt, dust and grease from certain gear wheels thereof while the said engine and gear wheels with which it was connected were in revolution, and that while doing this the right hand of the said plaintiff was caught in said gear wheels and was so severely injured that it had to be amputated.

It further admits the additional allegation of the second count, that, acting in obedience to the orders of the defendant, the plaintiff undertook to wipe the dirt, dust and grease from the machinery in question with certain old bags.

In considering this question, it must be borne in mind that every inference is against the pleader. In the absence of a contrary averment we must, therefore, assume that the plaintiff at the time he was injured was a man of mature years and of ordinary intelligence and judgment. *Becker v. Baumgartner*, 5 *Ind. App.* 576, 32 *N. E.* 786; *Potter v. Richardson & Robbins Co.*, 6 *Boyce* 314, 99 *A.* 540; *Louft v. C. & J. Pyle Co.*, 1 *Boyce* 192, 75 *A.* 619.

The question for us to determine is whether considering the facts above referred to we can say as a matter of law that the plaintiff's declaration does not set out a cause of action.

The plaintiff contends that being ignorant and inexperienced it was the duty of the defendant to instruct him with respect to the dangers incident to machinery before directing him to wipe the dirt, dust and grease therefrom while it was in motion.

It is true, as a general rule, that it is the duty of one who employs young persons to take notice of their apparent age and ability to understand dangers and to use ordinary care, including the

giving of proper instructions, to protect them from risks which they cannot properly appreciate, or of which they are entirely ignorant, but with which they may come in contact in the course of their employment. *Sherman & Redfield on Negligence*, § 219. *Kemp v. McNeill Cooperage Co.*, 7 *Boyce* 146, 104 *A.* 639, is an example of the application of this rule.

It is, also, true as is contended by the plaintiff that the same principles are to a great extent applicable to the employment of inexperienced and ignorant servants. *Sherman & Redfield on Negligence*, § 219 A; *Louft v. C. & J. Pyle Co.*, 1 *Boyce* 192, 75 *A.* 619; *Potter v. Richardson & Robbins Co.*, 6 *Boyce* 319, 99 *A.* 540; *Chielinsky v. Hoopes*, 1 *Marv.* 273, 40 *A.* 1127.

■ In the absence of some direct or circumstantial evidence to the contrary the master may, however, assume that the servant has the knowledge, discretion and experience of the average servant of his age and intelligence. *Chielinsky v. Hoopes & Townsend Co.*, 1 *Marv.* 273, 40 *A.* 1127; *Adams v. Clymer*, 1 *Marv.* 80, 36 *A.* 1104; *Winkler v. P. & R. Ry. Co.*, 4 *Penn.* 81, 53 *A.* 90; *Punkowski v. New Castle Leather Co.*, 4 *Penn.* 544, 57 *A.* 559.

■ But a master having notice of such inexperience and ignorance, no matter what the age of the servant, is generally bound to use ordinary care to instruct him with respect to the dangers of his employment.

The plaintiff's case is wholly based on his declaration which contains no allegation that defendant knew that he was ignorant and inexperienced with respect to the dangers of machinery; but whether that allegation is essential was not pressed at the argument and, therefore, need not be decided by us. See, however, *Winkler v. P. & R. Ry. Co.*, 4 *Penn.* 81, 53 *A.* 90; *Louft v. C. J. Pyle Co.*, 1 *Boyce* 192, 75 *A.* 619; 17 *Ann. Cas.* 489 (note); *Shearman & Redfield on Negligence*, § 219A.

Independent of that question, that a duty to instruct a servant usually exists with respect to such dangers as would not ordinarily be perfectly apparent to the usual normal adult person is conceded; but it is contended that this rule does not apply to obvious and apparent dangers of the character involved in this case.

■ The usual duty of the master to give instructions to his servant is based upon the assumption that he possess some knowledge concerning the work and its dangers that the servant, by reason of ignorance and inexperience, does not possess. *Potter v. Richardson & Robbins Co.*, 6 *Boyce* 314, 99 *A.* 540; *American Bridge Co. v. Valente*, 7 *Penn.* 370, 73 *A.* 400, *Ann. Cas.*, 1912D, 69; *Louft v. C. & J. Pyle Co.*, 1 *Boyce* 192, 75 *A.* 619; 39 *C. J.* 489.

■ The servant's alleged lack of experience will not, however, serve as an excuse for ignorance where the dangerous conditions were such as either were or should have been perfectly obvious to any adult person of ordinary intelligence in the exercise of due care.

The dangers in this case were of that character and either were or should have been apparent to the merest casual adult observer, of ordinary intelligence; that the plaintiff cannot rely on his alleged lack of knowledge and experience, therefore, seems clear.

*Labatt on Master & Servant*, § 1313, *supra*, expresses this rule as follows:

"In the subjoined note are collected a large number of cases in which it is either certain, or seems to be a matter of reasonable inference from the language of the Court, that the inability to maintain the action was predicated in spite of or independently of special experience or technical skill. It will be seen that the general effect of these cases is that an adult servant of ordinary intelligence is presumed to have been capable of ascertaining every fact which could have been apprehended by the senses of a person having the same opportunities as he had for exercising those senses in relation to the dangerous conditions which caused the injury. The sense which is most frequently referred to is, naturally, that of sight. Numerous decisions exemplify the general principle that the servant's inexperience will not serve as an excuse where the dangerous conditions were such as to have been apparent to a 'casual observer,' or such as could be seen 'at a glance' by any one."

For an analysis of a number of cases supporting this proposition see note to this section. See, also, *Anderson v. Guineau*, 9 *Wash.* 304, 37 *P.* 449; *Stoll v. Hoopes*, 10 *Sadler* 291, 14 *A.* 658.

The same principle was applied in *Potter v. Richardson & Robbins Co.*, 6 *Boyce* 314, 99 *A.* 540, where the plaintiff claimed that in the course of her employment she was given the carcass of a putrid chicken to prepare for canning purposes and is equally ap-

plicable here though the danger incurred may not have been one that was ordinarily incident to the plaintiff's employment.

Quoting from Labatt on Master and Servant, § 463, the Court in that case said:

"So also, it is held, that no action is maintainable where the servant had, as compared with the master, an equal or better opportunity to see and know the extent of the danger. The law supposes every adult person to possess such ordinary intelligence, judgment and discretion as will enable him to appreciate any obvious danger. The master, therefore, has the right to assume that an adult employee possesses that knowledge which is acquired by common experience, that he knows everything which is a matter of common knowledge, or presumed to be within the common experience of all men of common education. That he understands those dangers which are the subject of common knowledge or which can be readily seen by common observation."

On *Page* 320 (99 *A.* 542) the Court, also, said:

"The servant assumes the risks that are ordinarily incidental to his employment,. and which are patent and known to him, which he could know by the exercise of due care, or which were as obvious to the servant as to the master."

*Louft v. C. & J. Pyle Co.*, 1 *Boyce* 192, 75 *A.* 619, is to the same effect.

And on *Page* 321 *of Potter v. Richardson & Robbins Co.* (99 *A.* 543) the Court further said:

"We must assume that the plaintiff was in the possession of her senses of sight and smell, and was a person of ordinary intelligence. It is inconceivable, therefore, that she did not observe or know the condition of the carcass [the chicken] she handled."

See, also, *Coughlan v. P. B. & W. R. Co.*, 6 *Penn.* 242, 67 *A.* 148; *Jemnienski v. Lobdell Co.*, 5 *Penn.* 385, 63 *A.* 935; *Boyd v. Blumenthal & Co.*, 3 *Penn.* 564, 52 *A.* 330.

It is true that the declaration, also alleges that what the plaintiff did was pursuant to the orders of the defendant, but that fact alone does not affect the rule above stated where the risk incurred by the plaintiff was so obviously dangerous that no prudent person would have obeyed the order of the defendant.

*Labatt on Master and Servant*, § 1366, with respect to this principle, says:

"Upon general principles, it is manifest that although the servant may have been directly commanded or urged to undertake the work from which the

injury resulted, he cannot claim indemnity where the danger to be encountered was at once so obvious and so serious that no prudent man would have incurred it. *That is to say, the order must, if it is to serve be in a matter with regard to which the servant has a right to rely on the superior judgment of the master.*"

The converse of this proposition is, also, stated by the same author at *Section* 1362:

"In a large number of cases, the rule is stated to be that if the servant is injured while obeying a direct demand on the master, he will not be held to have assumed the risk unless the danger is so great and imminent that a reasonably prudent man would not have assumed it; such a statement, of course, confuses the two defenses of assumption of risk and contributory negligence, but the practical effect thereof is to eliminate the former defense."

See, also, *Shearman and Redfield on Negligence*, § 219A; *Wescott v. N. Y. & N. E. R. Co.*, 153 *Mass.* 460, 27 *N. E.* 10; *Atlas Engine Works v. Randall*, 100 *Ind.* 293, 50 *Am. Rep.* 798; *Gorman v. Des Moines Brick Mfg. Co.*, 99 *Iowa* 257, 68 *N. W.* 674; *St. Louis & S. F. R. Co. v. Morris*, 76 *Kan.* 836, 93 *P.* 153, 13 *L. R. A.* (*N. S.*) 1100.

While this principle was really involved in both *Potter v. Richardson & Robbins Co.*, and in *Louft v. C. & J. Pyle Co.* (*supra*), the Court in those cases did not lay any stress upon the fact that the plaintiff was ordered to perform the services which were claimed to have caused the injuries.

In *Punkowski v. New Castle Leather Co.*, 4 *Penn.* 544, 57 *A.* 559, that fact was commented on by the Court. The real question in that case was whether the plaintiff's injuries were caused by the negligence of the defendant or by his own negligence in the performance of his duties.

The Court in charging the Jury, said:

"Even if you should believe that he [the plaintiff] was directed by the defendant to so hold such skins, he may not recover if the danger to which he was thereby subjected was obvious, and such as he knew or should have known under all the facts and circumstances of the case; for in that case he would have assumed the risks and the defendant would not be liable."

*Kemp v. McNeill Cooperage Co.*, 7 *Boyce* 146, 104 *A.* 639, is to the same effect.

The term "assumed the risk" seems to be used in the reported cases in several distinct senses, and it is often difficult to tell in

just what sense it is used in a particular case. 28 *L. R. A.* (*N. S.*) 1215, note; 18 *R. C. L. p.* 671; 18 *Ann. Cas.* 961.

It appears to be used at times in the sense that as no duty owed to the plaintiff was violated, there was no negligence on the part of the defendant. 28 *L. R. A.* (*N. S.*) 1215, note; 18 *R. C. L.* "Master and Servant," *pars.* 129, 164, 172.

In this sense it is manifestly a separate and distinct offense from contributory negligence (21 *L. R. A.* [*N. S.*] 138; 18 *R. C. L.* "*Master and Servant,*" *p.* 165), though the facts may admit of the application of both principles (21 *L. R. A.* [*N. S.*] 139; 18 *R. C. L.* "*Master and Servant,*" *par.* 165). Where there has been negligence on the part of the defendant it, also, seems to be used in the sense of contributory negligence on the part of the plaintiff. 28 *L. R. A.* (*N. S.*) 1215, note.

This term, also, seems to be used in the sense that whether the master has been negligent or not, the servant, with full knowledge and appreciation of danger, may by his acts have assumed the risks of dangers incurrent and absolved the master from any responsibility with respect thereto. 28 *L. R. A.* (*N. S.*) 1215, note.

Where the master has been negligent, the doctrine of assumption of risk, as thus used, would seem to operate as an affirmative defense in the nature of a waiver of rights. 28 *L. R. A.* (*N. S.*) 1215, note.

In addition to the cases above referred to, the term "assumed the risk" has been frequently used in the reported cases of this state.

See *Coughlan v. P. B. & W. R. Co.*, 6 *Penn.* 242, 67 *A.* 148; *Jemnienski v. Lobdell Co.*, 5 *Penn.* 385, 63 *A.* 935; *Boyd v. Blumenthal Co.*, 3 *Penn.* 564, 52 *A.* 330.

For additional Delaware cases, see, also, 39 *C. J.* 727.

In many, if not in most of these cases, it was probably used in the sense that there was no negligence on the part of the defendant. In *Potter v. Richardson & Robbins Co.*, 6 *Boyce* 314, 99 *A.* 540, the decision of the Court was in terms based on both assumption of risk and contributory negligence, while in *Punkowski v.*

*New Castle Leather Co.*, 4 *Penn.* 544, 67 *A.* 559, the charge of the Court was in terms based on assumption of risk alone.

As the Potter Case merely considered the dangers ordinarily incident to the plaintiff's employment, it may, therefore, be questioned whether it meant anything more than that there was no negligence on the part of the defendant company, though that question is not material to the decision in this case.

While it does not clearly appear in either *Punkowski v. New Castle Leather Co.*, or *Kemp v. McNeill Cooperage Co.*, in what sense this term was used, the facts would justify the assumption that it was used in part, at least, in the sense of contributory negligence on the part of the plaintiff. However that may be, the facts alleged in the declaration in this case clearly present a case of that character as the plaintiff, though pursuant to the order of the defendant, put himself in a position of danger which should have been obvious to any adult person. That he cannot recover under such circumstances is, therefore, clear.

It is true that the facts in *Kemp v. McNeill Cooperage Co.* were submitted to the jury, but the plaintiff was not only a boy of seventeen years of age, but there was, also, a defect in the machinery; and further than that there was no prayer for binding instructions.

The third count of the declaration needs very little consideration. It merely alleges "that the defendant negligently and carelessly permitted a certain machine and the gear wheels thereof to revolve at great speed and while the said plaintiff was attempting to wipe the dirt, dust and grease therefrom, pursuant to the orders of the said defendant" he was injured, etc. It contains no allegation that the defendant knew that the plaintiff was then attempting to wipe the dirt, dust and grease from the machinery in question. Such an allegation is absolutely essential and without it no negligence on the part of the defendant is alleged.

The demurrer is, therefore, sustained as to each count of the plaintiff's declaration.