Frank Louft vs. C. and J. Pyle Company, a corporation of the State of Delaware.

Personal Injuries—Master and Servant—Machine for Shaving
Hides—Duty of Master—Reasonably Safe Tools—Care
for Safety of Servant—Duty to Instruct—Assump-
iton of Risks by Servant—Qualifications of Ser-
vant; When Presumed—No Presump-
tion of Negligence—Contributory Neg-
ligence—Expert Testimony—Mea-
sure of Damages.

1. One of the primary duties imposed upon the master toward his servant, in the course of his employment, is to furnish him reasonably safe tools, machinery and appliances with which to work.

2. The tools or machinery furnished by the master and used by the servant need not be of the safest, best, nor of the most improved kind. It is sufficient if they are reasonably safe, and adapted to the purpose of the employment.

3. The servant may assume that the master has performed the primary duties imposed upon him. If the master fails in this duty and injury thereby results to the servant, he is liable to the servant on the ground of negligence.

4. The master must use all reasonable care and prudence for the safety of the servant as the nature of the business admits and the dangers thereof demand, having regard to the character of the work to be performed and the element of danger to be encountered.

5. The servant assumes no risk as to the primary duty of the master at the time he enters upon his employment; but he does assume all the ordinary risks incident to his employment, that are patent and obvious, or which may be seen or known by the ordinary use of his senses.

6. The servant assumes the risks and dangers of devices and methods of work which are open and apparent and equally well known to him as to the master.

7. The servant is required to exercise due care and caution in order to avoid dangers that exist and injuries which may occur in the course of his employment; for the master having performed the primary duties required of him, is not an insurer of the safety of his servant.

8. The servant is presumed to have contracted with reference to all the hazards and risks of his employment.

9. When the employment is dangerous, it is the master's duty to warn and instruct his servant as to the dangerous character of it, if by reason of his youth or inexperience the servant be unacquainted with such danger.

10. The master may presume, in the absence of knowledge to the contrary, that the servant who solicits a particular kind of work has the knowledge, discretion and experience of the average servant of his age and intelligence for that kind of work, and especially so if the servant holds himself out to the master to be experienced in such work.

11. It is only when the master knows of disqualification of the servant to safely encounter dangers known to the master and presumably unknown to the servant, that the duty of cautioning and instructing the servant arises. . .

12. No presumption of negligence, on the part of either the master or the servant, arises from the mere fact that the servant was injured.

13. Negligence is never presumed. It must be proved, and the burden of proving it rests upon the party alleging it. .

14. Negligence is the want of ordinary care, that is, the want of such care as an ordinarily prudent and careful man would use under similar circumstances.

15. To entitle the plaintiff to a recovery, he must satisfy the jury by a preponderance, or greater weight of the evidence, that the injuries complained of resulted from the negligence of the defendant, without any fault, on his part, which proximately entered into and contributed to his injuries.

16. Though the defendant may have been negligent, yet if the negligence of the plaintiff contributed to and entered into the accident, at the time of the injury, the plaintiff in such event would be guilty of contributory negligence, and he cannot recover.

17. When there is contributory negligence the law will not attempt to measure the proportion of blame or negligence to be attributed to each party.

18. The jury are the exclusive judges of the credibility of witnesses and of the weight and value of the evidence. . ,

19. Expert testimony is the evidence of persons skilled in some art, science, profession or business; which skill or knowledge is not common to their fellow men, and which has come to them by reason of special study and experience in such art, etc.

20. The value of expert testimony depends upon the learning and skill of the expert and varies with the circumstances of each case. The jury should take into consideration the expert's means of knowledge, and the reasons he assigns for the opinions he has given; and give credence to his testimony as they find his qualifications sufficient and his reasons satisfactory.

21. Expert testimony is to be considered like any other testimony, and is to be tried by the same tests, and receive just as much weight and credit as the jury may deem it entitled to receive in connection with all the evidence in the case.

22. The measure of damages is such sum of money as will reasonably compensate the plaintiff for his injuries, including therein his pain and suffering in the past and such as may result to him in the future therefrom and also for his loss of time and wages, and for any impairment of ability to earn a living in the future arising from such injuries as may be disclosed by the evidence.

(<em>February</em> 16, 1910.)

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*Philip Q. Churchman* and *Harry P. Joslyn* for plaintiff.

*James W. Ponder* and *Hugh M. Morris* for defendant.

Superior Court, New Castle County, January Term, 1910.

ACTION ON THE CASE (No. 60 March Term, 1908), to recover damages for personal injuries to the plaintiff, an employee of the defendant, alleged to have been caused through the negligence of the master in not furnishing his servant with a reasonably safe morocco shaving machine upon which to work, and also in not properly instructing the servant in regard to the proper operation of said machine.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—This is an action which has arisen out of the relation which the parties bear to one another of master and servant, wherein the plaintiff as servant seeks to recover from the defendant as master, damages for personal injuries resulting from the alleged negligence of the defendant. The particular acts of negligence imputed to the defendant and which are alleged to have occasioned the injuries of which the plaintiff complains, are set forth in twenty-six counts of the plaintiff's declaration and amended declarations, from which it appears, generally, that

C. and J. Pyle Company, the defendant, at the time of the happening of the grievances complained of, was a corporation of the State of Delaware, owning and operating a leather factory in the City of Wilmington. That in its business of manufacturing leather, the defendant is represented to have used a certain machine, called a shaving machine, for the purpose of shaving cow hides, and to have employed the plaintiff as a shaver to shave heavy cow hides upon the said machine. The plaintiff complains that the machine was adapted and constructed to shave only small and light hides, and that when it was used to shave heavy cow hides, it was unsuited to the work put upon it, and thereby became unsafe and dangerous.

The plaintiff claims further, that as he was employed and directed to shave heavy cow hides, the defendant should have supplied him with a safe machine of a size and kind adequate and suitable for that work, and avers that it failed in its duty when it supplied him with a small machine that was unsafe for such work. It is further claimed that the defendant failed in its duty in directing the plaintiff to shave certain stiff, inflexible, dry and hard hides with the small machine, when it should have furnished him a larger machine upon which to do such work.

Contending that the machine was not adapted and adequate for shaving heavy cow hides, and claiming that he was young, ignorant and without previous experience in using the machine on dry cow hides, the plaintiff further complains of the defendant that it did not instruct him in the proper operation of the machine on cow hides, or warn him of its dangers, but on the contrary improperly directed him to shave dry cow hides on the small machine when the machine was not reasonably safe for such work.

The plaintiff further alleges that without his knowledge, the machine was not adapted to the purpose for which it was used, and was unsuitable, unsafe and dangerous, because it was not equipped with a stop-roll attachment, whereby one of its rolls would remain stationary while the machine was in operation, and

because it was not equipped with a brush attachment, whereby the operation of the machine would be made less dangerous.

And, lastly, the plaintiff avers that the work to which he was put by the defendant was outside of the scope of his employment.

There are the usual averments of duty on the part of the defendant in connection with the matters stated, its failure to perform that duty, when it knew or could have known the matters of which the plaintiff complains.

The defendant claims that it performed its duty as master to the plaintiff as its servant, in supplying him with a reasonably safe machine of a size and kind adequate for and adapted to the work it called upon him to do. The defendant further claims that when the plaintiff came into its employment, he represented himself to be a shaver and to be conversant with work of the character done upon such a machine, and did assume and undertake the operation of the machine in shaving skins and hides. It is further claimed by the defendant that it instructed the plaintiff how to hold the hides or skins when shaving them on this machine, so as to avoid danger and injury, that he failed to observe its instructions and warning. and as a consequence suffered the injury complained of.

It is further represented by the defendant that the machine was a proper and reasonably safe machine for shaving both wet and dry hides of the size shaved by the plaintiff on the day of his injury and that the plaintiff at the time of his injury was not shaving hard, dry hides, as alleged by him, but was in fact shaving a hide that was wet. It is contended by the defendant that the machine was reasonably safe for the purpose for which it was used, without stop-roll and brush attachments, and that such attachments if they had have been connected with the machine, would have added nothing to its safety. The defendant contends that the injury to the plaintiff did not result from any negligence on its part, but was caused by the negligence of the plaintiff himself.

The defendant has prayed that you be directed, by binding

instructions, to render a verdict in its favor.  In declining to do this, we submit the case to you for your determination.

The obligations arising out of the relation between master and servant are so regulated by law, that each is held to certain rules of conduct with respect to the other, whereby each may assume that the other has done and performed on his part those things which the law requires of him.  In this case, one of the primary duties imposed upon the defendant as a master, toward the plaintiff as its servant, in the course of his employment, was to furnish him reasonably safe tools, machinery and appliances with which to work.  The tools or machinery used need not be of the safest, best nor of the most improved kind.  It is sufficient if they are reasonably safe, and adapted to the purpose of the employment.  The servant may assume that the master has performed the duty imposed by this rule of law, and if he fails in its performance and injury thereby results to the servant, the master becomes liable to the servant on the ground of negligence. In the performance of this duty the master must use all reasonable care and prudence for the safety of the servant as the nature of the business admits and the dangers of the business demand, having regard to the character of the work to be performed and the element of danger to be encountered.  The servant has the right to assume that the master will perform this duty without inquiry on his part.  The servant assumes no risk whatever as to such primary duty at the time he enters upon his employment; but he does assume all the ordinary risks incident to the employment, that are patent, seen and known, or which may be seen or known by the ordinary use of his senses.  He assumes the risks and dangers of devices and methods of work, which are open and apparent and equally well known to the servant as to the master. Where the employment is dangerous, he also assumes the risk of manifest peril.  Insofar, therefore, as the servant comprehends or ought to comprehend them, he assumes all the ordinary risks of his duties.  It has been held by the Courts of this State, that no action is maintainable where the servant had, as compared with the master, an equal or better opportunity to see and

know the extent of the danger of his employment. The law supposes every adult person to possess such ordinary intelligence, judgment and discretion as will enable him to appreciate any obvious danger. The master therefore has the right to assume that an adult employee possesses that knowledge which is acquired by common experience; that he knows everything which is a matter of common knowledge or presumed to be within the common experience of all men of common education. That he understands those dangers which are the subject of common knowledge or which can be readily seen by common observation.

The servant is required to exercise the due care and caution imposed upon him by law, in order to avoid dangers and injuries. that exist or may occur in his employment, for the master having performed the primary duties required of him, is not an insurer of his servant's safety.

Many employments are by their nature dangerous, some are very dangerous, but such employments because of their dangers. are not therefore unlawful, nor is the rule of the assumption of risks on the part of the employee changed or modified according. to the varying degrees of the danger of the employment, as the servant is presumed to have contracted with reference to all the hazards and risks of such employment. Where the employment is dangerous, it is the master's duty to warn and instruct his servant as to the dangerous character of it, if by reason of his youth or inexperience the servant be unacquainted with such danger. The measure of such instruction must in all cases be gauged by the youth or inexperience of the servant. The particularity and extent of such instruction is limited, however, by the right of the master to presume, in the absence of knowledge to the contrary, that the servant who solicits a particular kind of work,. has the knowledge, discretion and experience of the average servant of his age and intelligence for that kind of work. In like manner, where a servant engages himself in a specific work,. such as operating a shaving machine, the master has the right to. presume, in the absence of knowledge to the contrary, that the servant has the knowledge, experience and skill necessary for the,

performance of the work so undertaken in a reasonably safe and proper manner, and especially has the master a right to so presume if the servant represents or holds himself out to the master to be experienced in such work. It is only when the master knows of the disqualification of the servant to safely encounter dangers known to the master and presumably unknown to the servant, that the duty of cautioning and instructing the servant arises.

This action is based upon the negligence of the defendant, and to entitle the plaintiff to recover, you must be satisfied that the injury complained of was caused by the negligence of the defendant as charged by the plaintiff in his declaration. No presumption of negligence, on the part of either the plaintiff or defendant, arises from the mere fact that the plaintiff was injured. Negligence is never presumed. It must be proved, and the burden of proving it rests upon the party alleging it.

Negligence, in legal contemplation, is the want of ordinary care, that is, the want of such care as an ordinarily prudent and careful man would use under similar circumstances. It has been defined to be the failure to observe, for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other suffers injury.

To entitle the plaintiff to recover in this action, he must satisfy you by a preponderance or greater weight of evidence, that the injuries complained of resulted from the negligence of the defendant, and that at the time of the accident he was himself without any fault which proximately entered into and contributed to his injuries. For if at that time his own negligence proximately contributed to his injuries, it would defeat his right to recover. Even though the defendant company may have been negligent on its part, yet if the negligence of the plaintiff contributed to and entered into the accident at the time of the injury, your verdict should be for the defendant, as the plaintiff in such case would be guilty of contributory negligence. Where there is

contributory negligence the law will not attempt to measure the proportion of blame or negligence to be attributed to each party.

In determining whether the defendant was guilty of the sole negligence charged to him by the plaintiff, as well as in determining whether the plaintiff at the time of the accident was exercising on his part due care and caution, you should consider all the testimony in the case having any hearing upon the points.   You have heard the testimony in this case.   You are the exclusive judges of the credibility of witnesses, and of the weight and value of the evidence.

With respect to the testimony of those witnesses who represent themselves as capable to speak with especial knowledge upon the subject submitted to you, you are instructed, that expert testimony is the evidence of persons who are skilled in some art, science, profession or business; which skill or knowledge is not common to their fellow men, and which has come to such experts by reason of special study and experience in such art, science, profession or business.   The value of such testimony depends upon the learning and skill of the expert and varies with the circumstances of each case.   The jury should take into consideration the expert's means of knowledge, and the reasons he assigns for the opinions he has given; and give credence to his testimony as they may find his qualifications sufficient and his reasons satisfactory.   Such testimony is to be considered like any other testimony, and is to be tried by the same tests, and receive just as much weight and credit as the jury may deem it entitled to;. viewed in connection with all the evidence in the case.   You are to decide this case in accordance with the evidence produced before you and with the law as the Court has stated it to you.   If you believe from the tsetimony that the machine upon which the plaintiff was working at the time he was injured was not adapted to or equipped for the work in which he was engaged, and for that reason was not reasonably safe for doing such work, and that the injuries were caused thereby, and shall also believe that the plaintiff did not know that the machine was unsafe, and by the reasonable use of his senses could not have known it, and that the

Verdict.

plaintiff was not guilty of any negligence that proximately contributed to such injuries, your verdict should be in favor of the plaintiff; and for such sum of money as will reasonably compensate him for his injuries, including therein his pain and suffering in the past, and such as may result to him in the future therefrom, and also for his loss of time and wages, and for any impairment of ability to earn a living in the future arising from such injuries as may be disclosed by the evidence. If you believe from the testimony that the plaintiff knew or should have known of the dangers of the machine, if any there were, and the injury complained of resulted from the improper way in which he held or handled the skins in feeding the machine, or, if you believe from the testimony that the plaintiff was properly warned of the danger and instructed in the manner of holding or handling the skins when feeding them to the machine, and the injury complained of resulted from his failure to heed such warning and to obey such instructions, your verdict should be for the defendant.

If you believe from the testimony that the machine was reasonably safe and adapted to the purpose for which it was used, or, if you believe from the testimony, that the skin or hide upon which the plaintiff was working at the time he was injured, was of a kind and was in a condition to enable the machine to be operated with reasonable safety, your verdict should be for the defendant.

Verdict for defendant.