ISAIAH N. EATON *vs.* THE WILMINGTON CITY RAILWAY COMPANY,
   a corporation of the State of Delaware.

*Personal Injuries—Negligence—Presumption—Ordinary Care—*
   *Railway Cars—Equipment—Degree of Care—Common Car-*
   *riers—Contributory Negligence—Run-away Car—Inevi-*
   *table Accident—Damages—Care of Tracks.*

1.   Negligence is defined to be the want of ordinary care, that is, the
failure to exercise such care as a reasonably prudent and careful man
would exercise under similar circumstances.

2.   Negligence is never presumed.   It must be proved, and the
burden of proving it is upon the plaintiff.

3.   There is no presumption of negligence, either on the part of the
plaintiff or on the part of the defendant.

4.   The mere fact of an accident does not raise a presumption of
negligence.

5.   A defendant can be held liable only for such negligence as consti-
tes the proximate cause of the accident.

6.   The term "ordinary care" when applied to the management of a
railway, imports all the care which the peculiar circumstances of the
place or occasion reasonably require.

7.   The degree of care required in the management of railway cars
will be increased or diminished according as the ordinary liability to
danger is increased or diminished in the movement of such cars.

8.   In going down a grade, it is the duty of the motorman, in charge of
a car, to make the descent at such reasonable speed as not to allow the
car to get beyond his control, if he is able to do so.

9.   As the danger of a collision with another car increases, it is the
duty of a motorman to use all means in his power to check or stop his car
so as to avoid a collision.

10.   If a motorman does all he can to control the speed of his car,
under the circumstances, there is no liability for a collision, provided the
car was properly equipped with brakes and other devices reasonably
necessary and adequate to control its speed, and reasonable care was
exercised in other respects.

11.   It is the duty of a railway company, in the operation of its cars,
to see that they are equipped with all the appliances and safeguards
reasonably proper and necessary for the safety of passengers, and to

keep them in good condition so far as may be done by the exercise of reasonable care. If injuries happen by reason of the failure to do so, the company will be liable therefor.

12. Common carriers are responsible for any negligence resulting in injury to their passengers, and they are required in the preparation, conduct, management and care of their tracks, cars and other means of conveyance to exercise every degree of circumspection, diligence and skill, which a reasonable person would use under such circumstances.

13. A common carrier is not an insurer of the safety of its passengers. It is only responsible for its own negligence in case of injury.

14. A plaintiff will not be held guilty of contributory negligence who in the effort to avoid immediate danger, in the exigence of the moment, suddenly and without time for reflection, puts himself in the way of other perils without fault on his part; and particularly so if the defendant has placed him in such position.

15. If the plaintiff, acting in good faith, and as a person of ordinary prudence and discretion would have acted under like conditions, jumped from the car, when it was beyond control, and while moving rapidly down grade, in an honest effort to escape danger which he reasonably believed was imminent, and he suffered injuries therefrom, the defendant would be liable, if such danger was caused by the negligence of the defendant.

16. There is no liability for an unavoidable accident, such as could not have been prevented by the exercise of care and caution.

17. When there is an accident in connection with the management of a railway car and it is of such a character as to show that it could not have happened in the ordinary course of events under reasonably careful management, it affords some evidence, in the absence of explanation, that it arose from the want of care, but this may be rebutted.

18. The measure of damages is such a sum as will reasonably compensate the plaintiff for his injuries resulting from the accident, including therein his pain and suffering in the past and such as may come to him in the future from said injuries; also for his expenses for medical attendance and for any permanent impairment of his ability to conduct his business, and for loss of his services in the management and prosecution of his business as shown by the evidence.

19. In estimating the damages, the jury were instructed that they could not under the pleadings, consider any expenditures made by the plaintiff in employing someone to take his place or do his particular work, or any loss of profits as the result of his injuries.

20. The jury may estimate what the plaintiff's services were worth in his business, and in doing so may take into account the character and extent of his business, the services he rendered in connection therewith, and his inability to perform such services.

21.   In estimating the damages the plaintiff's profits are too uncertain and speculative to be considered as an element of damage by reason of his injuries.

22.   It is the duty of a railway company to exercise due care and diligence in keeping its road-bed and tracks free from dangerous objects or obstructions.

23.   Whether it was the duty of the company in the exercise of due care to have removed the leaves from their tracks may a question for the jury under all the facts and circumstances as disclosed by the evidence.

*(February* 17, 1910.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.

*W. W. Knowles* for plaintiff.

*Walter H. Hayes* and *H. H. Ward* (of Ward, Gray and Neary) for defendant.

Superior Court, New Castle County, January Term, 1910

ACTION ON THE CASE (No. 41, March Term, 1909), to recover damages for personal injuries, alleged to have been sustained by the plaintiff on September 26, 1908, through the negligence of the defendant in so operating two of its cars on West Eighth Street in Wilmington as to cause a collision; on one of which cars plaintiff was a passenger.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—This is an action brought by Isaiah N. Eaton against the Wilmington City Railway Company, to recover damages for personal injuries to the plaintiff, alleged to have been caused by the negligence of the defendant company in so running and operating its railway on September 26, 1908, as to cause a collision between two of its cars near Eighth and Monroe Streets in this City, on one of which cars the plaintiff was at the time a passenger.

There are eleven counts contained in the plaintiff's declaration, but without undertaking to set out specifically the negli-

gence relied upon in each count, the several acts of negligence averred may be stated as follows:

That the defendant so negligently and carelessly operated the car upon which the plaintiff was riding as a passenger, that it ran into a certain other car operated by the defendant; that the defendant so negligently and carelessly operated and permitted a certain car to remain standing on its railway as to be run into and struck with great force and violence by a certain other car; that the defendant negligently operated two cars on its line of railway, whereby one of said cars, upon which the plaintiff was riding as a passenger, ran into the other car; that the defendant so carelessly and negligently managed and operated the car upon which the plaintiff was riding as a passenger as to run the same at a high and dangerous rate of speed in the direction of and towards a certain other car standing on the tracks of the defendant company; that the defendant carelessly and negligently used and operated the car on which the plaintiff was riding, with a defective brake; that the defendant carelessly and negligently used and operated the car on which the said plaintiff was riding as a passenger, with a defective sand lever; that the said defendant carelessly and negligently used and operated the car on which the plaintiff was riding as a passenger, with a defective sand box; that the said defendant carelessly and negligently used and operated the car on which the said plaintiff was riding as a passenger, with an insufficient number of sand boxes.    And the plaintiff avers that by reason of said several acts of negligence on the part of the defendant, he the said plaintiff, believing at the time that one car was about to collide with the other car, and also believing it to be for his own safety, stepped or jumped, just before the collision, from the car in which he was riding as a passenger, to the street or ground, whereby he was greatly bruised, cut, mangled, broken, injured and distressed, and became sick, sore, lame and disordered, and so remained and continued for a long space of time, was permanently injured, underwent and still does undergo great pain and suffering, was forced to expend a large sum of money in attempting to be cured, and also lost large gains and profits which he would otherwise

24 Del.]  EATON vs. WIL. CITY RY.  439

Charge.

have made, and was prevented from attending to his ordinary and necessary affairs and business.

It is agreed by the defendant company that it is, and was, at the time of the accident a common carrier; and that the said company was operating the cars in question on West Eighth Street at the time of the alleged injury, and that the company was rightfully and lawfully on West Eighth Street.

But the defendant denies that it was guilty of any negligence in the use, operation or management of its said car or cars, which caused the injuries to the plaintiff.

This action is based upon negligence, which has often been defined by this Court to be the want of ordinary care, that is, the want, or failure to exercise such care as a reasonably prudent and careful man would exercise under similar circumstances.

It is for you to determine from the evidence whether there was any negligence that caused the injuries which are the subject of this suit, and if there was, whether it was the negligence of the defendant.

To enable the plaintiff to recover at all, he must have shown to your satisfaction by a preponderance of the evidence that the negligence that caused the accident, if any there was, was that of the defendant. Negligence is never presumed. It must be proved, and the burden of proving such negligence is upon the plaintiff, and the defendant can be held liable only for such negligence as constitutes the proximate cause of the accident. There is no presumption of negligence, either on the part of the plaintiff or on the part of the defendant, from the mere fact that the plaintiff was injured.

The term "ordinary care," when applied to the management of a railway, imports all the care which the peculiar circumstances of the place or occasion reasonably require; and this will be increased or diminished according as the ordinary liability to danger or accident, and injury to others, is increased or diminished in the movement and management of the cars. In the management of trolley cars, and especially in going down grade, it is the duty of the motorman, if he is able to do so, to make the

descent at such reasonable speed as not to allow the car to get beyond his control; and as the danger of a collision with another car increases it is his duty to use all means in his power to check or stop the car. This does not impose upon the motorman, however, an impossibility. If he in fact did all he could to control the speed of the car, under the circumstances, the company would not be liable, provided the car was properly equipped with brakes and other devices reasonably necessary and adequate to control its speed, and the company exercised reasonable care in other respects.

It is the duty of a railway company, in the operation of its cars, to see that they are equipped with all the appliances, such as brakes, sand boxes and other safeguards and protection reasonably proper and necessary for the safety of its passengers, and to keep them in good condition so far as may be done by the exercise of reasonable care, and if injuries happen by reason of the failure of the company to do such things it will be liable.

It is not denied that the plaintiff was at the time of the accident a passenger on the car of the defendant company. A common carrier of passengers is liable for injuries to the latter only in case of its negligence. But the law exacts great care, diligence and skill from those to whose charge as common carriers they are committed. Such carriers are responsible for any negligence resulting in injury to them, and are required in the preparation, conduct, management and care of their tracks, cars and other means of conveyance, to exercise every degree of circumspection, diligence and skill, which a reasonable man would use under such circumstances.

But while a common carrier is required to exercise the highest degree of care and diligence that is reasonably practicable in securing the safety of its passengers, by keeping its tracks, cars and appliances in a safe condition, and at all times under the control and management of competent and careful servants, yet it must be borne in mind that such company is not an insurer of the passengers' safety; but is only responsible for its own negligence in case of injury.

Charge.

It has been held by this Court in the case *Simeone vs. Lindsay*, 6 *Pennewill*, 224, that a plaintiff will not be held guilty of contributory negligence who in the effort to avoid immediate danger, in the exigency of the moment, suddenly and without time for reflection, puts himself in the way of other perils without fault on his part; and particularly so if the defendant has placed him in such position. It is a well established rule of law that when one is required to act suddenly and in the face of imminent danger, he is not required to exercise the same degree of care as if he had time for deliberation and the full use of his judgment and reasoning faculties. And this is especially true when the peril has been caused by the fault of another. If the plaintiff in this case, while acting in good faith, and as a person of ordinary prudence and discretion would have acted under like conditions, jumped from the car when it was beyond the motorman's control and while moving rapidly down grade, in an honest effort to escape manifest and immediate danger, which he reasonably believed was imminent, and his injuries resulted from such act, the defendant would be liable, provided the danger from which the plaintiff sought to escape was caused by the negligence of the defendant. If it was not so caused, the plaintiff could not recover.

But we may say in this connection that no matter how great and imminent may have been the danger, or serious the injuries to the plaintiff, he would not be entitled to recover if they were the result of an unavoidable accident; that is if the accident could not have been prevented by the exercise of care and caution. A pure accident, without negligence on the part of the defendent, is not actionable, and if the jury should believe that the accident in question was of such a character, it would come under the head of unavoidable accident and the plaintiff could not recover.

While there is no presumption of negligence, as we have said either on the part of the plaintiff or on the part of the defendant, from the mere fact that injury resulted to the plaintiff, yet when an electric railway is under the control and management of a company, and the accident is of such a character as to show that it could not have happened in the ordinary course of events under

reasonably careful management, it affords some evidence, in the absence of some explanation, that the accident arose from the want of care; but if it is satisfactorily shown that the defect, which it is claimed caused the accident, did not exist at the time of the accident, negligence would be rebutted.

If you believe from the weight of the testimony in this case that the injuries received by the plaintiff at the time of the accipent were caused by the negligence of the defendant, that such negligence was the proximate cause of the accident, and that the negligence of the plaintiff did not contribute thereto, your verdict should be in favor of the plaintiff, and for such sum as will reasonably compensate him for his injuries resulting from the accident, including therein his pain and suffering in the past and such as may come to him in the future from said injuries; also for his expenses for medical attendance, and for any permaent impairment of his abilty to conduct his business, and for loss of his services in the management and prosecution of his business, as shown by the evidence. But under the pleadings, you cannot, in estimating his damages, consider any expenditures made by the plaintiff in employing some one to take his place or do his own particular work. And you may not consider any *loss of profits* in his business which were occasioned by his injuries. You may estimate, if you can, what his services were worth in his business, and in so doing take into account the character and extent of his business, the services he rendered in connection therewith, and his inability to perform such services by reason of his injuries. But such profits are too uncertain and speculative to be considered as an element of the plaintiff's damage. They depend not only upon his services and attention, but also upon other factors, other men employed in the business, and many other contingencies. (4 *South, Damages, Sec.* 1246 *and* 1247; *Joyce, Damages, Sec.* 235; *Goodheart vs. R. R.,* 177 *Pa. St.* 1; *Hewlett vs. R. R.,* 63 *App. Div.* 423; *Masterson vs. Mt. Vernon,* 58 *N. Y.* 391; *Burback vs. Car Co.,* 54 *Wis.* 208; *Beats vs. R. R. Co.,* 29 *App. Div.* (*N. Y.*) 388; *Silsby vs. Car Co.,* 90 *Mich.,* 204.)

And we may say to you, gentlemen, that in estimating the

Charge.

damages to which the plaintiff is entitled, if any there are, you are to be governed entirely by the testimony, and not at all by speculation.

If you are not satisfied that the injuries to the plaintiff were caused by the negligence of the defendant, or if you should believe that said injuries were the result of an unavoidable accident, your verdict should be in favor of the defendant.

(Some time after the jury had retired to their room, they were brought back into court and further charged as follows):

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—We have received from you the following inquiry: "Whether the leaves such as testified to as being upon the tracks, were such an obstruction that it was incumbent upon the company to remove?"

In response to that inquiry, we will say that it is the duty of a railway company to exercise due care and diligence in keeping the roadbed and tracks free from dangerous objects or obstructions. The care and diligence required of the company in these respects, however, is reasonable care and diligence, proportioned, of course, to the dangers or mischief liable to ensue from an omission of such care and diligence. But, on the other hand, the company is not required to do impossible things, nor is it an insurer against all injuries which may result from such obstructions. It is liable only for such injuries as are the result of its negligence or failure to use due care; and it is a question of fact for your determination, from all the facts and circumstances as disclosed by the evidence, whether it was the duty of the company in the exercise of reasonable care, as we have defined it, to have removed the obstructions —that is, the leaves—from their tracks.

You may consider, in determining this question, the nature of such obstruction, whether it was necessary to be removed or not, and the character and extent of the labor that would be required to effect such removal, bearing in mind the degree and extent of the care the company should have used in this regard, as we have defined it.

The jury disagreed.