## ELMER DICKERSON *vs.* IRA BRITTINGHAM.

1. MUNICIPAL CORPORATIONS—STREETS—LAW OF THE ROAD.

   When two persons driving upon a public road approach each other, each is required by law to keep to the right.

2. MUNICIPAL CORPORATIONS—STREETS—LAW OF·THE ROAD.

   A person driving along a highway in the proper way is not obliged to get out of the way of a party whom he is meeting; it being the duty of such party to keep on his own side of the road.

3. MUNICIPAL CORPORATIONS—STREETS—NEGLIGENT DRIVING.

   The driver of a horse upon a public highway must use ordinary care in its management, and is liable for all damages occasioned by his negligent driving.

4. MUNICIPAL CORPORATIONS—STREETS—NEGLIGENT DRIVING.

   Greater care is required of one driving on a crowded street or thoroughfare within a town or city than upon an ordinary public road where there is no such crowded condition.

5. MUNICIPAL CORPORATIONS—STREETS—NEGLIGENT DRIVING.

   A person driving upon a public street negligently and recklessly, and without ordinary care, taking into consideration ·all the facts and circumstances, was liable for any injuries caused by such want of ordinary care.

6. MUNICIPAL CORPORATIONS—STREETS—NEGLIGENT DRIVING—"ORDINARY CARE".

   "Ordinary care" in driving a horse and vehicle means such care as prudent men ordinarily use in like circumstances, taking into consideration the time, place, condition of the highway, possible dangers, known obstructions, and the damage likely to result from careless driving.

7. MUNICIPAL CORPORATIONS—STREETS—ACTIONS FOR NEGLIGENT USE—
BURDEN OF PROOF.

In an action for the death of plaintiff's horse, caused by injuries sustained in a collision with defendant's carriage on a public street, the burden was on plaintiff to prove by a preponderance of the evidence that defendant's negligence caused the accident; there being no presumption of negligence from the fact that plaintiff's horse was injured and died from the injuries.

8. MUNICIPAL CORPORATIONS—STREETS—NEGLIGENT DRIVING.

Where plaintiff's horse was injured in a collision on a public street with defendant's carriage, defendant was liable only for such negligence as constituted the proximate cause of the accident.

9. MUNICIPAL CORPORATIONS—STREETS—NEGLIGENT DRIVING.

Where plaintiff's horse was injured in a collision on a public street with defendant's carriage, he could not recover if his negligence caused or proximately contributed to the injuries, or if they were the result of an unavoidable accident.

10. DAMAGES—MEASURE—INJURIES TO PROPERTY.

Where plaintiff's horse died as the result of injuries sustained in a collision due to defendant's negligence, plaintiff was entitled to recover such sum as would reasonably compensate him for the loss of the horse.

(*February* 13, 1913.)

Judges BOYCE and CONRAD sitting.
*Robert C. White* (of *White and Tunnell*) for plaintiff.
*John M. Richardson* for defendant.
Superior Court, Sussex County, February Term, 1913.

Action by Elmer Dickerson against Ira Brittingham. Verdict for plaintiff.

ACTION ON THE CASE (No. 7, April Term, 1911) to recover damages for the death of plaintiff's horse, alleged to have been caused by the negligent driving by the defendant of his team on Union Street in the Town of Milton on the night of December 24, 1910, resulting in a head-on collision, the shaft of defendant's carriage striking and piercing the breast of plaintiff's horse, to a depth of twenty-two inches. The horse died from the effects of said wound sixteen days thereafter.

CONRAD, J., charging the jury:

In this case Elmer Dickerson, the plaintiff, brings suit against Ira Brittingham, the defendant, to recover damages for the death of a horse that resulted from a collision that occurred on Union

Street in the Town of Milton, in this county, on the night of December 24, 1910; it being alleged that the death of the horse was caused by the negligence of the defendant in driving a carriage. It is conceded that the death of plaintiff's horse resulted from a collision of the teams of the parties to this suit, so that the main question for your determination is whether the accident happened by reason of negligence, and, if so, whose negligence caused the injury.

[1, 2] The law of this state is, and has been for a long time, that when two persons driving upon the public road are approaching each other, each shall keep to the right; then there will never be a collision between them. A man driving along the highway in the proper way will not be obliged to get out of the way of the party whom he is meeting. It is the duty of that person to keep on his side of the road and not to drive the other person from the side of the road he is to occupy.

[3] The driver of a horse upon a public highway must use ordinary care in its management, and is liable for all damages occasioned by his careless driving.

[4] Greater care is required of one driving along a crowded street or thoroughfare within a town or city than upon an ordinary public road, where there is no such crowded condition.

[5] Therefore, if the jury believe from the evidence in the case that the defendant was driving at the time of the accident negligently and recklessly and without ordinary care, taking into consideration all the facts and circumstances surrounding the accident, and, as a result of such want of ordinary care, inflicted upon the plaintiff the injuries complained of, the verdict should be for the plaintiff.

[6] Ordinary care in driving a horse and vehicle means such care as prudent men ordinarily use, in like circumstances, taking into consideration the time, the place, the condition of the highway, the possible dangers, the known obstructions and the damage likely to result from driving carelessly at that particular time and place.

[7, 8] To entitle the plaintiff to recover he must have shown to your satisfaction by a preponderance of evidence that the neg-

ligence that caused the accident, if any there was, was that of the defendant. Negligence is never presumed. It must be proved, and the burden of proving such negligence is upon the plaintiff, and the defendant can be held liable only for such negligence as constitutes the proximate cause of the accident. There is no presumption of negligence from the mere fact that the plaintiff's horse was injured and died from such injuries. *Eaton v. Wilmington City Railway*, 1 *Boyce*, 439, 75 *Atl.* 369.

The general rule is that each party must take such precaution as an ordinarily prudent and careful man would take under like circumstances.

[9] If you are not satisfied that the injuries to the plaintiff's horse were caused by the negligence of the defendant, or if you should believe that said injuries were the result of an unavoidable accident, your verdict should be in favor of the defendant. *Eaton v. Wil. City Ry.*, 1 *Boyce* 443, 75 *Atl.* 369.

If the plaintiff at the time of the accident by his own negligence proximately contributed to the injuries, it would defeat his right to recover. Even though the defendant may have been negligent on his part, yet if the negligence of the plaintiff contributed to and entered into the accident at the time of the injury, your verdict should be for the defendant, as the plaintiff in such case would be guilty of contributory negligence. *Louft v. C. & J. Pyle Co.*, 1 *Boyce* 199, 75 *Atl.* 619.

[10] If the death of the horse was caused by the negligence of the defendant, without negligence on the part of the plaintiff, your verdict should be for the plaintiff. If your verdict shall be for the plaintiff it should be for such sum as will reasonably compensate him for the loss of the horse, not exceeding the sum of $150, with interest from the date of the accident.

           Verdict for the plaintiff.