**SEARS, ROEBUCK AND CO., a New York corporation, and Albert Degen, Defendants Below, Appellants,**

v.

**James FACCIOLO, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Argued May 15, 1974.

Decided July 1, 1974.

---

348

James F. Kipp, of Becker, Kipp & Ferri, Wilmington, for defendants below, appellants.

William H. Bennethum and John A. Faraone, Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY, J., and BROWN, Vice Chancellor.

DUFFY, Justice:

Plaintiff sustained personal injuries when the motor vehicle he was driving was struck in the rear by a vehicle owned by Sears, Roebuck and Co. and operated by its employee, Albert Degen (defendants). The Court below directed a verdict for plaintiff on the issue of liability and a jury awarded damages totaling $25,313.95. Defendants appeal both aspects of the case.

I

■ As to liability, we agree with the Superior Court that only one conclusion was legally and factually possible under the evidence: plaintiff's injuries were proximately caused by Degen's negligence. Specifically, while plaintiff was properly stopped at a railroad crossing, his automobile was struck from behind by the vehicle operated by Degen because the latter was following too closely or failed to maintain a proper lookout, or both.

II

We now consider the claim for damages. At the time of injury plaintiff was a self-employed paving contractor operating through a wholly-owned corporation; he is a university graduate with a master's degree in biology.

■ Proof of damages by a self-employed person is sometimes difficult to reduce to specifics and the parties argue whether that was properly done here. Plaintiff proceeded under a time-honored ruling by the Superior Court that any profit which was lost (or unrealized) by a party is not a measure of the damage which he sustained. In Eaton v. Wilmington City Ry. Co., 1 Boyce. 435, 75 A. 369 (1910), the Court charged the jury, as follows:

". . . [U]nder the pleadings, you cannot, in estimating his damages, consider · any expenditures made by the plaintiff in employing some one to take his place or do his own particular work. And you may not consider any loss of profits in his business which were occasioned by his injuries. You may estimate, if you can, what his services were worth in his business, and in so doing take into account the character and extent of his business, the services he rendered in connection therewith, and his inability to perform such services by reason of his injuries. But such profits are too uncertain and speculative to be considered as an element of the plaintiff's damage. They depend, not only upon his services and attention, but also upon other factors, other men employed in the business, and many other contingencies."

This is in accordance with the general rule, see, e. g., Baxter v. Philadelphia & R. Ry. Co., 264 Pa. 467, 107 A. 881 (1919); and see generally 25 C.J.S. Damages § 44; 22 Am.Jur.2d, Damages §§ 99, 175; 12 A. L.R.2d 288 § 4; compare Wise v. Western Union Telegraph Co., 7 W.W.Harr. 209, 181 A. 302 (1935), and we approve it.

In its verdict the jury included $23,000 for earnings lost and future loss of earning capacity and it is this part of the judgment which defendants attack. They say

that reversal is required for three reasons, which we consider separately:

■ (1) *The testimony of James Thomas*: As we understand defendants' argument, they contend that Thomas should not have been permitted to testify because there was little similarity between his business and that operated by plaintiff. Thomas was a friendly competitor operating a somewhat larger business; he was familiar with plaintiff's work and abilities and testified what function plaintiff was capable of performing in his (Thomas') business and the value of such services. The testimony was admissible, its weight was for the jury.

■ Defendants argue also that the following question put to Thomas on direct examination was improper:

"If you were injured yourself and as a result of your injury you were forced in your business to lose an average of one day per week, would that have any effect in your business on your earning capacity as owner and manager of the business?"

We agree; the question was impermissible, the objection should have been sustained. It called for the very response which plaintiff concedes may not be proved under *Eaton*: lost profits. Thus, in addition to all of its other infirmities (including relevancy), the question should have been refused on that basis. But upon review of all other evidence in the case we are satisfied that the error was harmless.

■ (2) *The testimony of Dr. Francis Tannian*: The objection here is based largely on the fact that Dr. Tannian had little or no personal knowledge of plaintiff's business. That argument misconceives the purpose for which the testimony was offered. Dr. Tannian was an econo-

mist testifying to the loss of future earning capacity. As an expert his significant testimony was developed largely through hypothetical questions and no contention is made that those were not based on facts in evidence and recognized empirical data within his expertise. The weight to be given his testimony was for the jury. The objection is without merit.

■ (3) *Sufficiency of proof of lost earnings and earning capacity*: Defendants say that the value of time lost by a self-employed person before trial must be based upon the relative success of the business and since there was no evidence of "business loss" the issue should not have been submitted to the jury. We have already said such argument is without merit. Eaton v. Wilmington City Ry. Co., supra. As to the claim for loss of earning capacity, plaintiff submitted a jury issue by introducing evidence as to the following factors: the amount paid to his highest salaried employee; his own work life expectancy and the amount of anticipated time lost resulting from the injury; the pertinent discount rate.

In dealing with a similar situation, this Court has said that assessing damages for loss of earning capacity "presents a jury with a problem which can be solved only by the use of common sense. Loss of future earnings . . . cannot be estimated with any degree of accuracy. The jury must do the best it can to estimate an amount . . . ." Wilmington Housing Authority v. Williamson, Del.Supr., 228 A.2d 782 (1967).

In our view the evidence submitted here provided a sufficient basis for the jury to make a determination. There was no error.

\* \* \*

Affirmed.