## PHILIP PELLERIN *vs.* INTERNATIONAL PAPER CO.

### Androscoggin. Opinion April 15, 1902.

*Negligence. Evidence. Presumption. Fellow-Servant.*

In an action to recover damages by the plaintiff, who was injured by the falling of a stage upon which he was at work, the declaration alleged that "the staging was insecure and unsafe, the iron rods were unable to sustain the weight and broke and precipitated the plaintiff a distance of fifteen feet to the floor of the room."

After verdict for the plaintiff, and on motion for a new trial it appeared that there was no affirmative proof of culpable negligence on the part of the defendant company. *Held;* that no presumption of such negligence arises from the mere fact that an accident happened. If there is any presumption in such a case it is that the defendant has complied with the obligations resting upon it equally with other men. The fact that two of the dependent hooks broke may be some evidence tending to show that they were not suitable for the use to which they were applied, but it is not alone sufficient to establish negligence on the part of the defendant company.

The defendant kept in its store-house sufficient materials for the construction of the staging required by the workmen in painting the ceilings, and there was no direct evidence that these materials were not suitable for that purpose. There was no evidence that the defendant undertook to furnish the staging in question for the workmen as a completed structure. The company did not assume the responsibility of adapting specific hooks or planks to the construction of a particular staging. The plaintiff's fellow workmen obtained the hooks and the planks from the company's store-house, and erected the staging themselves, and there was no suggestion that they were not competent workmen. *Held;* that if the plaintiff's fellow workmen failed to exercise due care in the adjustment of the planks to the hooks, and the accident resulted from that cause, the defendant company is not responsible.

Motion by defendant. New trial granted.

Case to recover damages for personal injuries received by the plaintiff, while in the employ of the defendant company.

The plaintiff recovered a verdict for $431.59.

The facts are stated in the opinion.

*D. J. McGillicuddy and F. A. Morey,* for plaintiff.

Counsel cited: *Twomey* v. *Swift,* 163 Mass. 273; *Arkerson* v. *Dennison,* 117 Mass. 407; *Clark* v. *Soule,* 137 Mass. 380.

*Geo. D. Bisbee and Ralph T. Parker,* for defendant.

Counsel cited: *Kelley* v. *Norcross,* 121 Mass. 508; *Arkerson* v. *Dennison,* 117 Mass. 407; *Robinson* v. *Blake Mfg. Co.,* 143 Mass. 533; *Colton* v. *Richards,* 123 Mass. 486; *Floyd* v. *Sugden,* 134 Mass. 563; *Adasken* v. *Gilbert,* 165 Mass. 443; *Carmody* v. *Boston Gas Light Co.,* 162 Mass. 539; *Coleman* v. *Mech. Iron Found. Co.,* 168 Mass. 254.

Accident not prima facie evidence of negligence.

*Nason* v. *West,* 78 Maine, 253.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, PEABODY, SPEAR, JJ.

WHITEHOUSE, J. In this action the plaintiff seeks to recover damages for personal injuries sustained by reason of the fall of a staging upon which he was at work for the defendant company. The jury returned a verdict for the plaintiff of $431.59, and the defendant asks the court to set it aside as against law and evidence.

The plaintiff introduced testimony tending to establish the following facts: The plaintiff was employed in painting the ceiling of a room in the defendant's pulp mill, and at the time of the accident was standing or sitting with three other workmen upon a staging suspended about five feet below the ceiling by six iron rods or painters' hooks attached to the ceiling. The staging was about twenty feet long and ten feet wide with three of the depending iron rods on each side. The lower ends of these rods were bent in the form of rectangular hooks or loops into which were placed edgewise three planks two inches thick to serve as stringers or floor timbers. Upon these stringers were laid the planks constituting the stage upon which the workmen were seated while engaged in painting, but as these planks were only about eleven or twelve feet long it required two of them to reach the entire length of the stage, the ends lapping over on the middle stringer. Thus constructed the staging could be readily taken

apart and removed or set up in another part of the room, as necessity or convenience might require in the progress of the work.

The defendant company furnished the iron rods and the planks to be used in the erection of such stagings, and when not in use they were stored with like materials in the company's store-house. The plaintiff's fellow workmen brought the rods and planks from the store-house for the erection of the staging in question, and although the plaintiff himself took no part in the selection of the materials he had several times assisted in moving the staging by taking it down and putting it up again. At the time of the accident the plaintiff was engaged in painting with a fellow workman at one end of the stage, when the two workmen at the other end, having finished painting there, went over to that part of the stage where the plaintiff sat. Thereupon two of the iron rods broke, one at the inner angle of the hook and the other at the outer angle, the stage fell and caused the injuries to the plaintiff of which he complains. There was evidence tending to show that the planks placed edgewise in the rectangular iron hooks filled only about five-eighths of the space between the rods of some of the hooks and were not secured in a vertical position, but allowed to incline outward as shown by the following diagram:

The defendant introduced no evidence, contending that the plaintiff had failed to show any actionable negligence on the part of the company.

It is the opinion of the court, that this contention on the part of the defense was justified by the evidence, and that a nonsuit might properly have been ordered by the presiding justice.

The action set forth in the plaintiff's writ rests upon the allegation that "the staging was insecure and unsafe, the iron rods were

unable to sustain the weight, and broke and precipitated the plaintiff a distance of fifteen feet to the floor of the room." But there is no affirmative proof of culpable negligence on the part of the defendant company, and no presumption of such negligence arises from the mere fact that an accident happened. "If there is any presumption in such a case it is that the defendant has complied with the obligations resting upon it equally with other men." *Nason* v. *West,* 78 Maine, 253. The fact that two of the dependent hooks broke may be some evidence tending to show that they were not suitable for the use to which they were applied, but it is not alone sufficient to establish negligence on the part of the defendant company. *Coleman* v. *Mechanics' Iron Foundry Co.,* 168 Mass. 254. The testimony is silent respecting the size and condition of the iron rods. There is no direct evidence of any patent or visible defect or imperfection of any kind in the hooks that broke. All the testimony is entirely consistent with the theory that if any defects existed in those hooks, they were latent ones which were not discoverable by the exercise of ordinary care in the inspection of them.

The defendant kept in its store-house sufficient materials for the construction of the staging required by the workmen in painting the ceilings, and there is no direct evidence that these materials were not suitable for that purpose. There is no evidence that the defendant undertook to furnish the staging in question for the workmen as a completed structure. The company did not assume the responsibility of adapting specific hooks or planks to the construction of a particular staging. On the contrary, it satisfactorily appears that that duty was intrusted to the workmen engaged in painting the ceiling, and assumed by them as within the scope of their employment. The plaintiff's fellow workmen obtained the hooks and the planks from the company's store-house, and erected the staging themselves. There is no suggestion that they were not competent workmen. Under such circumstances, if the plaintiff's fellow workmen failed to exercise due care in the adjustment of the planks to the hooks, and the accident resulted from that cause, the defendant company is not responsible. *Kelley* v. *Norcross,* 121 Mass. 508 ; *Adasken* v. *Gil-*

*bert,* 165 Mass. 443 ; *Dube* v. *Lewiston,* 83 Maine, 211 ; *Small* v. *The Allington & Curtis Mfg. Co.,* 94 Maine, 551.

There was evidence tending to show that the two-inch planks set edgewise in the hooks filled only about five-eighths of the space inside of the hooks, and that they were not firmly held in an upright position by wedges or otherwise, but allowed to sway back and forth with the swinging movement of the stage. It is obvious that the strong outward pressure which was thus liable to be exerted against the arm of the hook, would easily break an iron rod fully capable of sustaining the same weight if the plank were securely held in a vertical position against the depending rod. If any want of proper care is affirmatively shown by the evidence, it is on the part of the plaintiff's fellow workmen.

It is accordingly the opinion of the court, that upon well settled principles of law, the verdict was manifestly not warranted by the evidence.

*Motion sustained.    Verdict set aside.    New trial granted.*