MARKARITES, ADMR., RESPONDENT, *v.* CHICAGO, MILWAUKEE & ST. P. RY. CO., APPELLANT.

(No. 4,319.)

(Submitted March 12, 1921. Decided April 18, 1921.)

[197 Pac. 743.]

*Personal Injuries—Master and Servant—Defective Appliances —Presumptions—Proximate Cause—Negligence—Failure to Adopt Rules.*

Personal Injuries—Master and Servant—Burden of Proof—Proximate Cause.
   1.  In a personal injury action, the plaintiff has the burden of showing not only defendant's negligence, but also that such negligence was the proximate cause of his injury.
Same—Improper Appliances—Presumptions.
   2.  In an action by an employee against his employer for injuries sustained during the course of his employment because of improper

appliances, the presumption is that the employer used ordinary care in supplying his employee with suitable instrumentalities with which to work, and that the appliance alleged to have been defective was not so, and, if it was, that defendant had no notice of its deficiency and was not negligently ignorant thereof.

Same—Improper Appliances—Insufficiency of Evidence.

3. Plaintiff's intestate, while employed in removing snow from about defendant's railroad station by means of a box placed on runners, fell as the box was being pushed forward by himself and his co-workers, injuring his elbow, from which blood poisoning followed, resulting in his death. Plaintiff's evidence *held* insufficient to show that defendant's alleged negligence in failing to equip the box with wheels instead of runners, or select proper fellow-servants, was the proximate cause of the accident.

Same—Selection of Appliances—Extent of Duty of Master.

4. In the selection of tools and appliances to be used by his employees, the employer may exercise his discretion, subject only to the condition that in their selection he must exercise such care as would be exercised by an ordinarily prudent man engaged in the same business, with a view to avoiding exposure of the employee to unnecessary risks.

Same—Simple Tasks—Injury in Performing—Nonliability of Master.

5. An employer is not required to supervise his working force in the carrying out the details of so simple a task as the removal of snow by means of a box placed on runners, nor is he responsible for injury resulting proximately from the manner in which they do their work.

Same—Failure to Adopt Rules—When not Negligence.

6. The work of removing snow from about a railway station platform by means of a box placed on runners, having been neither complex, difficult nor dangerous, defendant's failure to adopt rules for the carrying on of such work did not amount to negligence.

Same—Speculation as to Cause of Injury—Insufficiency of Evidence.

7. Where the evidence leaves the jury to speculate as to what caused the personal injury complained of, the burden of proof is not sustained by plaintiff, and he cannot recover.

*Appeals from District Court, Missoula County; R. Lee McCulloch, Judge.*

ACTION by Bill Markarites, as administrator of the estate of John Kontsontonis, deceased, against the Chicago, Milwaukee & St. Paul Railway Company. Judgment for plaintiff. Defendant appeals from it and from an order denying it a new trial. Reversed and remanded, with directions to dismiss the complaint.

---

4. Care required of master in providing appliances, see note in 1 Ann. Cas. 340.

*Messrs. Murphy & Whitlock,* for Appellant, submitted a brief; *Mr. A. N. Whitlock* argued the cause orally.

It is a universal principle that, eliminating the doctrine of *res ipsa loquitur,* which does not arise in this case, negligence will never be presumed on the part of an employer from the mere fact that an employee receives an injury during the course of his employment. (*Patton* v. *Texas & P. Ry. Co.,* 179 U. S. 658, 45 L. Ed. 361, 21 Sup. Ct. Rep. 275 [see, also, Rose's U. S. Notes].) This principle has been repeated in cases from practically every jurisdiction. (*Hull* v. *Virginian Ry. Co.,* 78 W. Va. 25, 88 S. E. 1060; *Johnson* v. *Mobile etc. Ry. Co.,* 178 Ky. 108, 198 S. W. 538; *New York C. & St. L. Ry. Co.* v. *Allen,* 62 Ind. App. 391, 113 N. E. 315; *Lyon* v. *Chicago, M. & St. P. Ry. Co.,* 50 Mont. 532, 148 Pac. 386; *Wallace* v. *Chicago etc. Ry. Co.,* 48 Mont. 427, 138 Pac. 499; *Shaw* v. *New Year Gold Mines Co.,* 31 Mont. 138, 77 Pac. 515; *Scheytt* v. *Gallatin Valley Milling Co.,* 54 Mont. 56, 172 Pac. 321.)

In the matter of furnishing appliances, there is no duty upon the employer to furnish any particular kind of appliance, but his sole duty is to exercise reasonable care to furnish reasonably safe appliances, and this duty is discharged by the furnishing of an appliance in common use and reasonably adapted to the purposes for which it is furnished. (*Forquer* v. *Slater Brick Co.,* 37 Mont. 426, 97 Pac. 843; *Wallace* v. *Chicago etc. Ry. Co.,* 48 Mont. 427, 138 Pac. 499.) The evidence clearly shows that the plaintiff, so far as his duty to furnish appliances is concerned, came within the rule of these decisions. There is no evidence that the appliance was an unsafe or improper one, nor is there a spark of evidence to the effect that any defect in the appliance contributed in the slightest degree to the injury. So that, so far as this allegation of negligence is concerned, the plaintiff's case necessarily fails.

The plaintiff next contends that the system of work employed by the defendant was negligent and improper, in that

the defendant failed to adopt and require to be used, reasonable signals as to the starting and stopping of this box. Here again the defendant had no absolute duty. This case is not a counterpart of the case of *Stewart* v. *Stone & Webster Engineering Corp.*, 44 Mont. 160, 119 Pac. 568, where there was a complicated piece of work being carried on and a vast number of employees, but one where the work was simple; all of the employees were in view of each other, and the system which they followed was one left to their own judgment and discretion, and was a mere matter of detail for which the defendant is in no way responsible. The case of *Shaw* v. *New Year Gold Mines Co.*, 31 Mont. 138, 77 Pac. 515, is again in point upon this question. (See, also, *Pern* v. *Wussow*, 144 Wis. 489, 129 N. W. 622.)

If the cause of the accident is left to conjecture, the plaintiff cannot recover. (*Andree* v. *Anaconda Copper Min. Co.*, 47 Mont. 554, 133 Pac. 1090; *De Sandro* v. *Missoula Light & W. Co.*, 48 Mont. 226, 136 Pac. 711; *Scheytt* v. *Gallatin Valley Milling Co.*, 54 Mont. 565, 172 Pac. 321; *Woods* v. *Cincinnati, N. O. & T. P. Ry. Co.*, 179 Ky. 405, 200 S. W. 616.)

*Mr. Harry H. Parsons, Messrs. Patterson & Heyfron* and *Mr. Lewis M. Simes* submitted a brief in behalf of Respondent; *Mr. John E. Patterson* argued the cause orally.

Was the box furnished by defendant a fit and proper appliance for the work in hand? The rule as to furnishing appliances in a case like this is stated by Labatt on Master and Servant, paragraph 917, to require that the master must "furnish adequate materials and means and resources suitable to accomplish the work." A box on runners was being dragged along for the purpose of filling it with the snow upon the track and next to the rail. Certainly it was a question for the jury whether or not under all the circumstances this box should have been fitted with wheels or otherwise provided so that it would be reasonably safe for the work in hand. It is a matter of common knowledge that such an unwieldy

sled would move in an extremely jerky and perhaps dangerous manner over a concrete platform, after the snow had been removed from the platform upon which it was used as herein shown. And the jury might well have concluded that the defendant should have provided it with wheels instead of runners.

The mere fact that this appliance was somewhat simple in character is no reason why its inappropriateness for the work in hand might not constitute negligence on the part of the defendant. (*Houston & T. C. R. Co.* v. *Patrick,* 50 Tex. Civ. 491, 109 S. W. 1097.)

The second ground for negligence involves a consideration of defendant's failure to promulgate rules for the work of clearing off the snow. In a large number of cases it has been held to be a question for the jury whether or not a defendant was under a duty to promulgate rules. In the following cases it was held to be a question for the jury whether or not the defendant was negligent in failing to promulgate rules: *McGovern* v. *Central Vermont R. Co.,* 123 N. Y. 280, 25 N. E. 373; *Lake Shore & M. S. Ry. Co.* v. *Murphy,* 50 Ohio St. 135, 33 N. E. 403; *Summerskill* v. *Vermont Power & Mfg. Co.,* 91 Vt. 251, 99 Atl. 1017; *Hartvig* v. *N. P. Lumber Co.,* 19 Or. 522, 25 Pac. 358; *Crumpston* v. *Texas & P. Ry. Co.* (Tex. Civ.), 33 S. W. 737; *St. Louis etc. Ry. Co.* v. *Ames* (Tex. Civ.), 94 S. W. 1112; *Ford* v. *Lake Shore & M. S. Ry. Co.,* 17 N. Y. St. Rep. 393, 2 N. Y. Supp. 1.

While the facts in none of the above cases correspond exactly with the case at bar, the last case is noteworthy, in that the operations involved were quite as simple as in our case. There the court ruled that it was a question for the jury whether rules should be promulgated with reference to loading lumber in a gondola car. And in the case of *St. Louis etc. Ry. Co.* v. *Ames, supra,* the court submitted to the jury the question whether or not it was negligence for the defendant to fail to make rules relative to the presence of cinders

498    Markarites *v.* Chicago etc. Ry. Co.    [Mar. T. '21

[59 Mont. 493.]

on the track, the plaintiff having been injured by reason of stumbling on such cinders.

It is fundamental that matters of proximate cause are for the jury. And where some new element, like the blood poisoning here, enters in, it is for the jury to say whether the defendant may be held responsible for the results of this intervening cause as well. (*Milwaukee etc. Ry. Co.* v. *Kellogg,* 94 U. S. 469, 24 L. Ed. 256 [see, also, Rose's U. S. Notes].) In *McGarrahan* v. *New York etc. R. Co.,* 171 Mass. 211, 50 N. E. 610, it was held that one whose negligence has caused a wound may be liable for blood poisoning, though it was not the ordinary effect of such a wound. (*Armstrong* v. *Montgomery St. Ry. Co.,* 123 Ala. 233, 26 South. 349; *Ginna* v. *Second Ave. R. Co.,* 8 Hun (N. Y.), 494 (affirmed, 67 N. Y. 596); *Missouri, K. & T. R. Co.* v. *Schroeder,* 44 Tex. Civ. App. 47, 100 S. W. 808.)

MR. JUSTICE COOPER delivered the opinion of the court.

The plaintiff recovered a judgment against the defendant in the court below for injuries received by his intestate, while engaged in the work of cleaning up and removing snow from about the station and platform of the defendant in the city of Missoula. The appliance used consisted of a box set upon runners into which the snow, gathered by the crew of which the deceased was a member, was deposited and carried away. In the progress of the work, when it became necessary to move the box, one or more of the crew would pull upon a rope fastened to the runners, other members thereof assisting by pushing at the rear. The complaint alleges that the appliance was unfit for the use to which it was put, because it was equipped with runners when wheels should have been provided instead; that if it had been fitted with wheels, "the momentum and movement of said box and contents might and would have been under reasonable control, and the amount of force necessary to start and move the same be ascertainable and known to the employees and deceased,

[59 Mont. 493.]

but which said runners were not suitable for said purpose and the use thereof was negligence.'' Another allegation of the complaint is that while endeavoring to move the appliance in furtherance of the work, a push given to it by any one of the fellow-employees of deceased was so violent and unexpected that it caused the deceased to lose his balance, fall and injure his elbow, from which blood poisoning followed, resulting in his death. The remaining allegation of negligence is that the defendant failed to adopt and put in operation a code of rules for the government of its employees in the conduct of their work, so that, by the use of signals, a sufficient number of the crew, by acting in unison, could with convenience and safety effect the removal of the box to the place desired. These are all the grounds of negligence upon which the plaintiff relies. The appeals are from the judgment rendered upon the verdict, and the order overruling defendant's motion for a new trial.

Did the plaintiff show, by preponderating proof, that [1-3] the injuries received by the deceased were attributable to the defendant's negligence as the complaint charges, and not to his accidental slipping while attempting to move the box? Upon the plaintiff rested the burden of establishing causal connection between the fall and the negligence of the defendant. It was incumbent upon the plaintiff to prove, not only breach of a duty the defendant owed to the deceased, but that its negligence was the proximate cause of the injuries suffered.

The testimony of Peter George is as follows: "I pushed the box just as I did always, yes; I just give him a push to move the box. No, sure I didn't want him to fall and get hurt. All I pushed it for was simply to move the box on the sled from where it was to some other place. I certainly moved it just as I had before. I was working there. I don't know whether John saw me at the time I pushed the box. All of the rest were shoveling snow in the box. As to whether I was the only one who helped him, I don't know if they did,

or not. I did not push it any harder then than I thought necessary to move it. In reference to where that box stood in reference to the edge of the platform, it was that close: about a foot, I guess. When I pushed it I was right between the tracks. The snow had been taken off the platform and we were taking it off the tracks at the time this occurred. That is a cement or concrete platform."

Christ Peykoff, testifying for defendant, describes the occurrence as follows: "I remember the occasion of John Kontsontonis falling on the platform. I seen him. At the time he fell he was just pulling the box. I did not see anyone else helping him to move it, there was just a few shovels full of snow in the box. It was light. I saw him at the time he fell. As to what he did immediately after he fell, he just fell down and got up and he started to work again. He didn't say anything."

The determinative questions are: Would the accident have happened if the appliance had been equipped with wheels instead of runners? Were the injuries due to defendant's negligence in exposing the injured employee to danger from improper appliances? Or were they due to a fall induced by the inattention and indifference of the deceased to his own safety? These questions are not answered in plaintiff's favor unless the proof shows affirmatively that the fall would not have occurred but for the alleged negligence on the part of the defendant. The law is not satisfied by proof that the box could have been more readily handled, or more safely operated if it had been equipped with wheels instead of runners. The plaintiff must not only go on and show the causal connection between the fall and the ineptitude of the appliances, but also that the latter played the controlling part in producing the injuries exclusive of any other. Common experience in the use of runners is enough to show their suitability for moving vehicles over snow and ice, if not to offset the claim of negligence in their use at the particular time, place and situation stated. The fact, too, that deceased did slip and

fall is sufficient to allow the inference that the occurrence may have been due to that alone. There is also the presumption that the employer has discharged his duty to the employee when he has used ordinary care and diligence to supply him with suitable instrumentalities with which to work—a presumption recognized by text-writers on the law of negligence. In Thompson on Negligence (second edition), section 3864, we find the following: "In an action by an employee against his employer for injuries sustained by the former in the course of his employment from defective appliances, the presumption is that the appliances were not defective, and, when it is shown that they were, then there is a further presumption that the employer had no notice or knowledge of this act, and was not negligently ignorant thereof." The defendant is entitled to the advantage of the presumption that he had performed his duty, until the contrary appears. (*Forquer* v. *Slater Brick Co.*, 37 Mont. 426, 97 Pac. 843; *Boyd* v. *Blumenthal & Co.*, 3 Penne. (Del.) 564, 52 Atl. 330.)

The plaintiff was obliged to show, by a preponderance of the evidence, that the defendant had failed to perform its duty, in the particulars charged, and that in consequence thereof the deceased sustained the injuries alleged. (*Pennsylvania etc.* v. *Whitcomb*, 111 Ind. 212, 12 N. E. 380; *Pellerin* v. *International Paper Co.*, 96 Me. 388, 52 Atl. 842; *Cahill* v. *Hilton*, 106 N. Y. 512, 13 N. E. 339; 4 Thompson on Negligence, sec. 3866; Wood on Master & Servant, secs. 345, 346.)

In the selection of tools and appliances, discretion is [4] left by law to the employer, subject only to the condition that therein he must refrain from exposing the employee to risks beyond what reasonable care and prudence demand. The law upon this question was declared by this court in *Cummings* v. *Reins Copper Co.*, 40 Mont., on page 617, 107 Pac. 910, as follows: "The rule of law by which the conduct of the employer toward his employees is governed is that of ordinary care; that is, such care as would be exercised by

an ordinarily prudent man engaged in the same business. He must observe this rule in selecting the tools and appliances which he furnishes to his employees to be used in performing their work. When he has done so, he has fully discharged his duty in this behalf. He is not bound to furnish the best appliances, nor the safest, nor to provide the best method for their operation, in order to save himself from responsibility for accidents resulting from their use. If, at the time an appliance is selected, it is in general use and reasonably adapted to the purpose for which it is employed, the continuance of its use does not in itself indicate negligence, even though there may be safer devices used by others to accomplish the same purpose." (Citing cases. See, also, *Forquer* v. *Slater Brick Co., supra.*) The rule above announced has since been given confirmation in *Wallace* v. *Chicago etc. Ry. Co.,* 48 Mont. 427, 138 Pac. 499, and is no longer open to dispute. Negligence cannot be attributed to the defendant in placing the appliance upon runners instead of wheels, unless it be shown in evidence that runners were not only unsuitable for the work, but that their use exposed the employee to unnecessary risks which the employer had good reason to apprehend.

The next ground of negligence alleged is that the push [5] administered to the box by the fellow-employee was so sudden and so violent that it caused deceased to lose his balance and fall. The evidence fails to prove it. It is not shown that unusual force was applied by the fellow-worker assisting in starting the box. The evidence of the only man who participated in moving it (Peter George) was, that he pushed the box "as he always did"; that he "did not push it any harder then than he thought was necessary to move it"—moved it just as he had before. Giving this evidence all the force to which it is entitled, its effect is to negative the use of violence—not to prove it. Indeed, it affords very good ground for the inference that the fall was due, either to the carelessness of the deceased in failing to observe the conditions under which he was working, or, what is just as probable,

the smooth condition of the bottom of his footwear—a condition likely to precipitate, rather than to retard, a fall. At the moment of the fall, deceased was pulling on the rope, facing the box and in full view of its entire operation, including his co-worker, from all of which it may be fairly inferred that, had he been exercising the degree of vigilance his own safety required, he might have avoided the fall altogether. Upon this condition of the proof, the presumption that the employer had used due care in the selection of fellow-servants and the instrumentalities for the work in hand, has not been overcome, and the negligence claimed to have been the proximate cause of the injuries suffered has not been proven. The conditions and circumstances attending the occurrence, bring the case well within the rule applicable here, announced in the case of *Markinovich* v. *Northern Pacific Ry. Co.,* 55 Mont. 144, 174 Pac. 184, as follows: "It is elementary that the master is not responsible for an injury to his servant which results proximately from the manner in which the servants do their work. He is not required to supervise the disposition of his working force in carrying out the details of the employment, any more than he is required to direct workmen in the use of simple tools and appliances. (4 Labatt on Master & Servant, sec. 1528.)"

The allegation of failure on the part of the defendant [6] to adopt rules for the government of the employees in the operations then under way does not amount to negligence. The work involved was neither complex, difficult nor dangerous. Nowhere was it shown that its nature made it necessary for the defendant to enact rules. Its failure to do so was not negligence, and could not be characterized as such, unless it was made to appear from the nature of the work that the employer, in the exercise of reasonable care for the safety of the men, should have foreseen and appreciated the necessity for such rules. (26 Cyc. 1157, "Rules.")

If it can reasonably be found that the deceased was [7] *without* fault in not anticipating the sudden movement

of the box, can it be that the defendant *was in fault* in not apprehending the same thing, and in not warning deceased to beware of dangers his own senses ought to have told him required apprehension? The answers to the inquiries whether the defendant's knowledge of the danger to be apprehended was greater than the deceased had reason to expect, and whether the requirements declared to be indispensable by this court have been met, can be found in *Scheytt* v. *Gallatin Valley Milling Co.*, 54 Mont. 572, 172 Pac. 323. There it was held to be "incumbent upon the plaintiff to furnish the jury substantial proof of the defective and dangerous condition resulting from the defendant's negligence," and, having failed to do so, he had left the jury to speculate as to what did cause his injuries. That is plaintiff's precise situation here, as will be readily seen by an application of the very pointed remarks of Chief Justice Brantly to the case in hand, as follows: "The burden is not sustained if the evidence furnishes the basis for two equally permissible conclusions as to what caused the injuries, one of which speaks negligence on the part of the defendant, while the other is wholly inconsistent with it, and points to some other efficient proximate cause." (Citing five of our own cases.) To hold that the plaintiff had established the negligence of the defendant as charged would be equivalent to making the employer liable as an insurer upon evidence which signally fails to point to any one of the three "equally permissible conclusions as to what caused the injuries." At the close of the evidence the defendant was entitled to a directed verdict in its favor. To deny it was fatal error.

Since it is apparent that plaintiff has produced all the evidence available on the subject, the judgment and order appealed from are reversed, with directions to dismiss the complaint.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, HOLLOWAY and GALEN concur in the result reached.